■ ZACHARY WOODSON, an Infant, by His Mother and Natural Guardian, TRACY WOODSON, et al., Respondents, v MENDON LEASING CORP. et al., Defendants. BERGER STERN & WEBB, L. L. P., Nonparty Appellant. [677 NYS2d 568] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about April 29, 1998, which granted plaintiffs' motion to disqualify the firm of Berger Stern & Webb from representing defendant Mendon Leasing Corp. and ordered an in camera inspection of the disqualified attorneys' files prior to their transfer to another firm, unanimously affirmed, with costs.

The motion court properly granted the motion for disqualification based on a conflict of interest. Counsel to defendant Mendon Leasing, the lessor of the truck involved in the accident in which the infant plaintiff was injured, had in a separate action relating to the same accident previously represented John Densby, the driver of the truck involved in the accident. Since Mendon's interests in the litigation arising from the accident are in material respects adverse to those of counsel's former client, Densby, it is clear that counsel may not represent Mendon (*see*, Code of Professional Responsibility DR 5-108

[A] [1] [22 NYCRR 1200.27 (a) (1)]; *Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123). Having disqualified counsel on the basis of such conflict, the court's directive that there be an in camera inspection of the files to be turned over to succeeding counsel was entirely appropriate as a means of shielding from disclosure the privileged communications of the disqualified firm's prior client (*see, Spectrum Sys. Intl. v Chemical Bank*, 78 NY2d 371). Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.