■ ANONYMOUS, Respondent, v ANONYMOUS, Appellant. COBLENCE & WARNER, Nonparty Appellant; ANONYMOUS C., Nonparty Intervenor-Respondent. [691 NYS2d 769] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered January 25, 1999, which granted the motion of nonparty intervenor and the cross motion of plaintiff for disqualification of nonparty law firm as defendant's counsel, unanimously affirmed, without costs.

Disqualification pursuant to Code of Professional Responsibility DR 5-108 (A) (1) (22 NYCRR 1200.27 [a] [1]) requires a demonstration (1) that the attorney as to whom disqualification is sought had an attorney-client relationship with the movant (a circumstance as to which there is no dispute herein); (2) that the matter in which the movant was represented is substantially related to the matter in which the the attorney's disqualification is sought; and (3) that the interests of the former client movant are materially adverse to those of the present client. Where all three factors are established, disqualification is mandatory (*see, Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d 631, 636). Here, there is a substantial relationship between the former and present matters since they have a common subject matter (*see, Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 134-135), and we agree with the motion court that the relevant interests of the former and current clients of the subject law firm are materially adverse (*see, e.g., Woodson v Mendon Leasing Corp.*, 253 AD2d 669). Even if disqualification were not mandatory under these facts, we would find it to have been accomplished as a proper exercise of the motion court's discretion (*see, e.g., Avalon L. L. C. v Coronet Props. Co.*, 248 AD2d 311, 312), because there is substantial doubt about the propriety of the law firm continuing as defendant wife's counsel, and such doubts are to be resolved in favor of disqualification (*see, Lammers v Lammers*, 205 AD2d 432, 433). Further, even if the factual assertions in the papers submitted to this Court on appellants' successful motion for a

stay are viewed as properly included in the appellate record, they would not warrant a result different from that reached by the motion court. Concur—Nardelli, J. P., Williams, Tom, Wallach and Andrias, JJ.