■ Adrian Flores, Plaintiff, v Willard J. Price Associates, LLC, et al., Defendants and Third-Party Plaintiffs-Respondents. Stateside Construction, LLC, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [799 NYS2d 43]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered April 23, 2004, which, to the extent appealed from, denied the motion of third-party defendant Stateside Construction, LLC insofar as it sought disqualification of third-party plaintiffs' counsel by reason of the alleged conflict of third-party plaintiffs' counsel, reversed, on the law, without costs, and the motion for disqualification granted.

Plaintiff was injured in a construction accident while using a table saw at premises owned by defendant and third-party plaintiff Willard J. Price Associates, LLC (Price) and managed by defendant and third-party plaintiff Proto Realty Management Corp. (Proto). Plaintiff commenced this action against Price and Proto to recover damages for personal injuries. Price and Proto are represented jointly by the Law Offices of Gary A. Cusano as counsel for their insurer, CNA Insurance Companies, under a commercial general liability policy. It is uncontested that Demetrios Moragianis is the majority shareholder and president of Proto.

Cusano, allegedly on behalf of Price and Proto, impleaded Stateside Construction, LLC (Stateside), the construction manager at the job site, for indemnification and contribution based upon a contract with Stateside. It is uncontested that Demetrios Moragianis is the sole member of Stateside, that he signed the contract at issue between Stateside and Price on behalf of Stateside, and that Cusano never received Proto's or Moragianis' consent to sue Stateside.

Stateside moved to disqualify Cusano on the basis of a conflict of interest in the commencement of the third-party complaint, as Moragianis discussed this matter with Cusano as the president and majority shareholder of Proto, as well as in his capac-

ity as the sole member of Stateside.[1] Moragianis further contends that by commencing the third-party action against Stateside, Cusano is placing the interests of CNA Insurance Companies above the interests of Moragianis. The court disagreed and found that the fact that Moragianis is a principal in both entities does not create a conflict of interest. We now reverse.

The disqualification of an attorney is a matter that rests within the sound discretion of the court (*see Nationwide Assoc. v Targee St. Internal Medicine Group,* 303 AD2d 728 [2d Dept 2003]). "Attorneys owe fiduciary duties of both confidentiality and loyalty to their clients" (*Tekni-Plex, Inc. v Meyner & Landis,* 89 NY2d 123, 130 [1996]). Thus, attorneys have continuing obligations to protect their clients' confidences (*see* Code of Professional Responsibility DR 4-101 [b] [22 NYCRR 1200.19 (b)]). Moreover, an attorney "must avoid not only the fact, but even the appearance, of representing conflicting interests" (*Cardinale v Golinello,* 43 NY2d 288, 296 [1977]). " '[T]he greatest trust between [people] is the trust of giving counsel' " (*Matter of Cooperman,* 83 NY2d 465, 472 [1994], quoting Bacon, *Of Counsel,* in The Essays of Francis Bacon, at 181 [1846]). "This unique fiduciary reliance . . . is imbued with ultimate trust and confidence" (*id.*). Furthermore, "[t]he duty to deal fairly, honestly and with undivided loyalty superimposes onto the attorney-client relationship a set of special and unique duties, including maintaining confidentiality, avoiding conflicts of interest, . . . and honoring the clients' interests over the lawyer's" (*id.*). Indeed, "the lawyer may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship" (*Matter of Kelly,* 23 NY2d 368, 376 [1968]). It is against this backdrop that we must assess the issues presented in this case.

While Proto, not Moragianis, is the actual named party, Proto can act solely through natural persons (*see Niesig v Team I,* 76 NY2d 363, 371 [1990]). Furthermore, when defining specifically who is a "party" when a corporation is named in a lawsuit for the purpose of the Disciplinary Rules, the Court of Appeals in *Niesig* found a party to include "corporate employees whose acts or omissions in the matter under inquiry are binding on the corporation (in effect, the corporation's 'alter egos') or imputed to the corporation for purposes of its liability, or employees implementing the advice of counsel" (*id.* at 374). It ap-

---

1. While these circumstances implicate the propriety of the third-party suit against Stateside, such issue is not presently before this Court.

pears on the record to be uncontroverted that Moragianis is the one through which Proto has been acting for the purposes of this litigation. Therefore, under these circumstances and this record, he is a "party" to whom Cusano owes a fiduciary duty of undivided loyalty.

Yet, without any permission from Moragianis (or anyone else from Proto), a third-party action was commenced against Stateside whose "alter ego" is undeniably Moragianis. There can be little doubt that the third-party suit is not in the best interest of Moragianis.[2] Rather, such suit is for the primary benefit of the insurer, CNA, as its victory assures recoupment of any moneys CNA might pay out on behalf of its insureds. "[T]here is a well-established proscription against permitting an insurer to place its own financial interests above those of its insured" (*Ansonia Assoc. Ltd. Partnership v Public Serv. Mut. Ins. Co.*, 257 AD2d 84, 86 [1999]). Moreover, to fully and effectively represent third-party plaintiffs, the attorney and Moragianis must have an open dialogue. As the Court in *Tekni-Plex* stated: "This rule of disqualification fully protects a client's secrets and confidences by preventing even the possibility that they will subsequently be used against the client in related litigation. This prophylactic measure thus frees clients from apprehension that information imparted in confidence might later be used to their detriment, which, in turn, 'fosters the open dialogue between lawyer and client that is deemed essential to effective representation' " (89 NY2d at 131, quoting *Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 377 [1991]).

Therefore, under these facts, it appears that Cusano has impermissibly placed CNA's interests above those of Moragianis. This stratagem gives the appearance of a conflict of interest and Cusano must be disqualified[3] (*see* Code of Professional Responsibility Canon 9). Concur—Buckley, P.J., Andrias and Catterson, JJ.

Mazzarelli and Marlow, JJ., dissent in a memorandum by

---

**2.** While Stateside is a limited liability company, Moragianis' interests are implicated as its insurer has apparently disclaimed coverage and as Cusano could seek in this action to "pierce the corporate veil" on behalf of Price or even Proto in order to circumvent Moragianis' limited liability (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993] [no separate suit is necessary as "an attempt of a third party to pierce the corporate veil does not constitute a cause of action independent of that against the corporation; rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners"]).

**3.** To further underscore the severity of this situation is the ludicrous prospect of any trial in the contested issue of indemnity wherein Moragianis would be called upon to testify for the third-party plaintiffs and then called to testify for the third-party defendant Stateside.

Marlow, J., as follows: There is no evidence in the record that third-party plaintiffs' counsel, the Law Offices of Gary A. Cusano, has ever represented Demetrios Moragianis—who is president of third-party plaintiff Proto Realty Management and sole member of third-party defendant Stateside Construction—in his individual capacity. The entire threshold question whether an attorney-client relationship has ever existed between the Law Offices of Gary A. Cusano and either Moragianis or Stateside Construction rests solely on the following language in the Moragianis affidavit submitted in support of Stateside's motion:

"1. I am the sole member of the 3rd party defendant, Stateside Construction, LLC as well as President of Proto Realty Management Corp. . . .

"4. This case has been discussed with him [Gary Cusano] in my capacity both with Proto Realty and Stateside Construction."

Moragianis misstates that the Cusano law firm represents him in the main action, as he is not a party to the action. Rather, plaintiff sued the company of which Moragianis was only an employee, i.e., president. Therefore, there is no attorney-client relationship between Moragianis, a mere witness in this lawsuit, vis-á-vis Proto Realty, and the Cusano law firm, the attorney for the third-party plaintiff corporation Proto Realty. As far as the discussion with Cusano "in my capacity" with Stateside, there is no attorney-client relationship between Cusano and Stateside—and there never was—as Cusano, on behalf of Proto Realty, commenced a third-party action against Stateside. Inasmuch as there was no prior attorney-client relationship between Stateside and third-party plaintiffs' counsel, there was no basis for Stateside's motion to disqualify third-party plaintiffs' counsel for breach of Code of Professional Responsibility DR 4-101 (22 NYCRR 1200.19) and DR 5-108 (22 NYCRR 1200.27; see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131 [1996]; Solow v Grace & Co., 83 NY2d 303, 308 [1994]).

Finally, the mere fact that Moragianis states that he had "discussed" the case with Cusano, without detailing the substance of these discussions in any fashion to suggest that Moragianis disclosed any confidences whatsoever to Cusano, is patently insufficient. The affidavit of Moragianis in support of Stateside's motion contains wholly conclusory assertions which neither establish nor even hint that Moragianis has ever revealed any confidential information to said counsel. I believe that, based on this record, it would be pure speculation to hold

otherwise. Accordingly, I would affirm the order to the extent it denied Stateside's motion to both disqualify third-party plaintiffs' counsel and to dismiss the third-party complaint.