■ WILLARD J. PRICE ASSOCIATES, LLC, Respondent, v STATESIDE CONSTRUCTION, LLC, Appellant, et al., Defendant. [856 NYS2d 107]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered June 11, 2007, which, in an action arising out of plaintiff's (Price) settlement of an underlying action for personal injuries sustained by a construction worker on property owned by Price and managed by nonparty Proto, denied defendant-appellant construction manager's (Stateside) motion to dismiss plaintiff's causes of action for indemnification and contribution, unanimously affirmed, with costs.

Price, the site owner, and its property manager, nonparty Proto, were the defendants in the underlying action by the construction worker, and, jointly represented by an attorney hired by Price's liability insurer (CNA), impleaded Stateside, the construction manager. The contract between Price and Stateside contained an indemnity clause in favor of Price, and Price's policy with CNA authorizes CNA to bring suit on behalf

of Price based on that indemnification clause. Stateside is an LLC whose sole member is nonparty Demetrios Moragianis; Proto is a corporation whose sole shareholder is Moragianis; Price is an LLC in which Moragianis holds an undetermined interest, allegedly 25%. In the underlying action, this Court granted a motion by Stateside to disqualify the CNA attorney because, "without any permission from Moragianis (or anyone else from Proto)," he commenced the third-party action against Stateside after discussing the underlying action with Moragianis (*Flores v Willard J. Price Assoc., LLC*, 20 AD3d 343, 345 [2005]). This, we held, "impermissibly placed CNA's interests above those of Moragianis," and gave the appearance of a conflict of interest (*id.*). Price thereafter settled the underlying action, retained a new attorney, and commenced this action seeking to recover the amount of the settlement and defense costs.

Stateside argues that the same considerations that warranted disqualification of the attorney in the underlying action warrant dismissal of the instant action, in particular, that the action was brought for the primary benefit of the insurer, and that Moragianis could be called as a witness for both sides, requiring him to testify against an entity of which he is member. The motion court correctly rejected that argument on the ground that while Moragianis has a 100% interest in Proto, he has only a minority interest in Price. The difference is that in *Flores*, Stateside, an entity wholly owned by Moragianis, was being sued by another entity wholly owned by Moragianis, Proto. Here, Price, an entity in which Moragianis holds an undetermined interest, but which, unlike Proto, is clearly not his alter ego, is the only plaintiff. Furthermore, the underlying action has been settled, narrowing the issues and need for testimony. There is no conflict of interest now because new counsel has never represented Stateside or Moragianis personally and has not even met Moragianis, and Moragianis, who signed the Price/Stateside contract on behalf of Stateside but not Price, need not necessarily be called as a witness for Price. Concur—Lippman, P.J., Gonzalez, Moskowitz and Acosta, JJ.