■ JUSTINIAN CAPITAL SPC, for and on Behalf of BLUE HERON SEGREGATED PORTFOLIO, Appellant, v WESTLB AG, NEW YORK BRANCH, et al., Respondents. [934 NYS2d 807]—

The motion court providently exercised its discretion in granting the motion (*see Decana Inc. v Contogouris*, 27 AD3d 207 [2006]). In *Bank Hapoalim B.M. v WestLB AG* (82 AD3d 433 [2011]), we affirmed the disqualification of Reed Smith as counsel for the plaintiffs, including the plaintiff in this action, in a suit claiming that defendants had engaged in negligent and fraudulent conduct in mismanaging the plaintiffs' investments. Although the particular investment vehicles and legal claims at issue in this case are not identical to those in *Bank Hapoalim*, the cases are substantially related. The motion court correctly found that the meeting between defendants and the attorneys that later joined Reed Smith, which required disqualification in *Bank Hapoalim*, mandates disqualification in this case. Although there is no evidence that the investment vehicle at issue in this case was specifically discussed at the meeting, "doubts as to the existence of a conflict of interest must be resolved in favor of disqualification" (*Rose Ocko Found. v Liebovitz*, 155

AD2d 426, 428 [1989]). Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and Freedman, JJ.