■ PAT RODDY, Plaintiff, v NEDERLANDER PRODUCING COMPANY OF AMERICA, INC., et al., Respondents, and ABHANN PRODUCTIONS, INC., Appellant. THE GERSHWIN THEATRE, Third-Party Plaintiff-Respondent, v ABHANN PRODUCTIONS, INC., Third-Party Defendant-Appellant. [949 NYS2d 10]—

Order, Supreme Court, New York County (Louis B. York, J.), entered December 9, 2011, which denied third-party defendant Abhann Productions, Inc.'s (Abhann) motion to disqualify the Law Offices of Charles J. Siegel (the Siegel Firm) from representing defendants Nederlander Producing Company of America, Inc. (Nederlander) and the Gershwin Theatre (Gershwin), unanimously modified, on the law, to grant the motion insofar as it seeks disqualification of the Siegel Firm from the continued representation of Gershwin, and otherwise affirmed, without costs.

Supreme Court correctly noted that a potential for a conflict exists resulting from the Siegel Firm's joint representation of both Gershwin and Nederlander, as each defendant has a competing interest in minimizing its proportional share of the damages. An attorney " 'may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship' " (*Flores v Willard J. Price Assoc., LLC*, 20 AD3d 343, 344 [2005], quoting *Matter of Kelly*, 23 NY2d 368, 376 [1968]), and " 'doubts as to the existence of a conflict of interest must be resolved in favor of disqualification' " (*Justinian Capital SPC v WestLB AG, N.Y. Branch*, 90 AD3d 585, 585 [2011], quoting *Rose Ocko Found. v Liebovitz*, 155 AD2d 426, 428 [1989]).

However, the court denied the motion on the ground that

granting it would further delay the prosecution of the plaintiff's case. This decision would preclude Abhann, the contractual indemnitor of Gershwin in this matter, from exercising its right to properly defend the action in an effort to limit its exposure to Gershwin's proportional share of the liability. Abhann contends that the Siegel Firm, as staff counsel to CNA Insurance, the primary insurer of Gershwin and Nederlander, could seek to improperly funnel liability from Nederlander to Gershwin. In support of this position, Abhann cites, inter alia, the fact that the Siegel Firm rejected Abhann's insurer's agreement to accept the defense and indemnity of Gershwin with the explanation that Abhann was also obligated to contractually indemnify Nederlander. We find that the Siegel Firm's stance is foreclosed by this Court's recent decision in this matter (*Roddy v Nederlander Producing Co. of Am., Inc.*, 93 AD3d 495 [2012]). Furthermore, Nederlander's contention that it, like Gershwin, also owns the premises, was waived by its denial of ownership in its answer to the complaint. This conduct by the primary insurer's house counsel, given the circumstance of these joint clients' divergent litigation strategies, sufficiently raises, as noted above, "doubts as to the existence of a conflict of interest [that] must be resolved in favor of disqualification." Denying the motion would reward the Siegel Firm's dilatory tactics at the expense of Abhann's rights.

To the extent Abhann argues that the Siegel Firm should also be disqualified from representing Nederlander on the ground that the Siegel Firm had obtained confidential information from Gershwin during its representation thus far, Abhann has failed to identify what confidential information would have been imparted to the firm so as to warrant such disqualification (*see Pellegrino v Oppenheimer & Co., Inc.*, 49 AD3d 94, 98, 100 [2008]). Concur—Saxe, J.P., Catterson, Acosta, DeGrasse and Richter, JJ.