■ Joy Jeffrey et al., Appellants, v Diana DeJesus et al., Respondents. [984 NYS2d 325]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered January 10, 2013, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment on the issues of serious injury and liability as premature, unanimously modified, on the law, the motion denied on the merits as to the issue of liability, and otherwise affirmed, without costs.

Plaintiffs made a prima facie showing of negligence on the part of defendants, by submitting the affidavit of plaintiff driver, Shella Spencer. Spencer attested that the accident at issue occurred when defendants' vehicle struck the back of the vehicle she was operating (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Cabrera v Rodriguez*, 72 AD3d 553 [1st Dept 2010]).

In opposition, defendants raised an issue of fact as to whether there was a non-negligent explanation for the collision through the affidavit from their driver, Diana DeJesus, who stated that plaintiff entered the entrance ramp lane and while attempting to pass a vehicle on the right, cut her off (*see Figueroa v Cadbury Util. Constr. Corp.*, 239 AD2d 285 [1st Dept 1997]). Plaintiffs' contention that DeJesus made an inconsistent statement following the accident, as recorded in the police accident report, is not conclusive but raises an issue of credibility to be resolved by the factfinder (*see Stewart v Ellison*, 28 AD3d 252, 254 [1st Dept 2006]).

Although discovery was not complete, the motion court erred in concluding that plaintiffs' motion for partial summary judgment on the issue of liability was premature. Both drivers submitted affidavits, and defendants were able to submit facts "essential to justify opposition [to the motion]" (*see* CPLR 3212 [f]; *Flores v City of New York*, 66 AD3d 599 [1st Dept 2009]).

However, that branch of plaintiffs' motion seeking summary judgment on the threshold issue of serious injury was properly denied as premature. We note that plaintiffs served their long overdue discovery responses shortly before moving for summary judgment. Accordingly, limited discovery has been conducted, and facts essential to justify opposition are within plaintiffs' knowledge (*see* CPLR 3212 [f]; *Grande v Peteroy*, 39 AD3d 590 [2d Dept 2007]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Renwick, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Feinman, JJ.