■ In the Matter of RICHARD F. STRASSER, Petitioner. In the Matter of FRANCINE STRASSER et al., Co-Guardians of the Person of EDWARD M. STRASSER, an Alleged Incapacitated Person, Appellants; JEFFREY A. ASHER, Guardian of the Property of EDWARD M. STRASSER, Respondent. [11 NYS3d 125]—

Order, Supreme Court, New York County (Laura Visitación-Lewis, J.), entered on or about July 17, 2014, which, to the extent appealed from as limited by the briefs, disqualified Harvey L. Greenberg, Esq. from representing Francine Strasser and Ika Brakha, the co-guardians of Edward Strasser (Mr. Strasser) the alleged incapacitated person, and ordered that the co-guardians may not be jointly represented by counsel in this matter, affirmed, without costs.

In this guardianship proceeding, attorney Greenberg was initially appointed as counsel to Mr. Strasser, the alleged incapacitated person. After completion of his representation of Mr. Strasser, who was judicially declared an incapacitated person, the co-guardians of Mr. Strasser's person, Francine Strasser and Ika Brakha—Mr. Strasser's wife and a close family friend—retained Greenberg as counsel to assist them in trying to remove Jeffrey A. Asher, Esq., who was appointed guardian of the property. The co-guardians argue that Asher lacks standing on this appeal because he was previously removed from his position as guardian. However, the motion court's July 17, 2014 order clearly indicates that "Jeffrey A. Asher, Esq., shall continue to serve as property guardian for a transition period pending the appointment of a successor property guardian . . . ." The co-guardians neither assert nor submit evidence indicating that a successor property guardian has been appointed.

The motion court's disqualification of Greenberg from representing the co-guardians was proper. The matters involved in his prior representation of Mr. Strasser in this proceeding and his current representation of the co-guardians are substantially

related and the interests of Mr. Strasser and the co-guardians are materially adverse (*see Tekni-Plex, Inc. v Meyner & Landis,* 89 NY2d 123, 130-131 [1996]; *cf. Becker v Perla,* 125 AD3d 575 [1st Dept 2015]).

The motion court held that the co-guardians may not be jointly represented by any attorney due to the potential conflict of interest arising from their mutual financial dependence on Mr. Strasser and their related competing financial interests under the terms of a trust and as beneficiaries of Mr. Strasser's will. Our dissenting colleague finds that the present posture of this case does not require each of the co-guardians to retain separate counsel, as their interests in this Mental Hygiene Law article 81 proceeding are aligned with their ward. This misses the point.

It is well settled that an attorney "must avoid not only the fact, but even the appearance, of representing conflicting interests" (*Cardinale v Golinello,* 43 NY2d 288, 296 [1977]; *Flores v Willard J. Price Assoc., LLC,* 20 AD3d 343, 344 [1st Dept 2005]). "[W]ith rare and conditional exceptions, the lawyer may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship" (*Matter of Kelly,* 23 NY2d 368, 376 [1968]). Moreover, "doubts as to the existence of a conflict of interest must be resolved in favor of disqualification" (*Justinian Capital SPC v WestLB AG, N.Y. Branch,* 90 AD3d 585, 585 [1st Dept 2011] [internal quotation marks omitted]). Full disclosure and prior consent by the parties may, on occasion, obviate the objection to conflicting representation (*Matter of Kelly,* 23 NY2d at 376).

Applying these principles to the facts of this case, we find that the motion court properly determined that joint representation of the co-guardians by a single counsel would be improper. While an actual conflict may not have arisen "at this time" and in this proceeding as the dissent posits, there is clearly a potential conflict of interest due to the co-guardians' mutual financial dependence on Mr. Strasser, their related competing financial interests under the terms of a certain trust, and their status as beneficiaries under Mr. Strasser's will.

Despite the co-guardians having provided written waivers for attorney Greenberg, who the dissent concedes should not represent the co-guardians, each co-guardian has a competing and conflicting interest in maximizing her proportional share of the trust created by Strasser for their benefit. Strasser created the trust for the support of his wife, co-guardian Francine Strasser. The trustee is his friend and other co-guardian, Ika

Brakha. The trust residuary will pass to Ika Brakha on Francine's demise. The more assets spent during Francine's lifetime will of necessity mean less assets that will pass to Ika. Thus, representation by a single firm or attorney would create the potential for a conflict, and impermissibly place that lawyer in a position which would give the appearance of representing conflicting interests (*Roddy v Nederlander Producing Co. of Am., Inc.*, 96 AD3d 509 [1st Dept 2012]; *see Flores v Willard J. Price Assoc.*, 20 AD3d at 344). They should therefore retain separate counsel in order to avoid the appearance of impropriety (*see Solow v Grace & Co.*, 83 NY2d 303, 309 [1994]; *Roddy* at 509-510), and to maintain the integrity of the guardianship. Concur—Tom, J.P., Sweeny and Renwick, JJ.

Kapnick, J., dissents in part in a memorandum as follows: I agree that Greenberg must be disqualified from representing the co-guardians since, at the onset of his representation of Edward Strasser in this Mental Hygiene Law article 81 proceeding, Mr. Strasser did not wish to have a guardian appointed, thus creating "materially adverse" interests between the former client and the current clients (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9 [a]). Moreover, Mr. Strasser was unable to give "informed consent" (*id.*) to Greenberg's subsequent representation of the co-guardians due to Mr. Strasser's cognitive impairment.

However, I disagree that Mrs. Strasser and Ika Brakha, the two co-guardians of Mr. Strasser's person, must each retain their own separate counsel at this time. While the circumstances that the co-guardians have competing financial interests under a certain trust and are both beneficiaries under Mr. Strasser's will, which were cited by the motion court as to why there cannot be a joint representation, would prevent an attorney from jointly representing the co-guardians in a matter where these issues were specifically being litigated, these issues do not create a conflict in the instant article 81 proceeding, where both co-guardians are advocating for, and have a fiduciary duty to, Mr. Strasser. In any event, the co-guardians here are serving as guardians of the *person*, not the *property*, further insuring that any potential conflicts the co-guardians may have under a certain trust or Mr. Strasser's will should not impede their choice to be jointly represented in this proceeding. To be clear, however, this is not to say that Mr. Strasser and the co-guardians may be jointly represented.

In addition, there is no indication that the joint representation here "involve[d] the lawyer in representing differing interests" (Rules of Professional Conduct [22 NYCRR 1200.0]

rule 1.7 [a] [1]), where the co-guardians were aligned in their request to remove the property guardian for nonfeasance and/or malfeasance as to his handling of Mr. Strasser's financial affairs. Even if the instant representation had raised any conflict, the co-guardians each gave their written consent to the representation and waived any potential conflict of interest in accordance with rule 1.7, and there is no contention that the disclosure or consents were inadequate.