*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 7, 2016                    521683
_____

CHARLES W. McCUTCHEN,
                    Appellant,

        v

3 PRINCESSES AND A P TRUST              MEMORANDUM AND ORDER
    DATED FEBRUARY 3, 2004,
    et al.,
                    Respondents.
_____

Calendar Date:  February 9, 2016

Before:  Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ.

                    _____

        Law Office of James M. Brooks, Lake Placid (James M. Brooks
of counsel), for appellant.

        John J. Randall IV, Locust Valley, and Wilkins & Griffin,
PLLC, Lake Placid (Michael J. Hutter of Powers and Santola, LLP,
Albany, of counsel), for respondents.

                    _____

Egan Jr., J.

        Appeal from an order of the Supreme Court (Muller, J.),
entered April 24, 2015 in Essex County, which, among other
things, granted a motion by defendant Randall Family Trust, U/A
Dated 12-14-12 to disqualify plaintiff's attorney.

        Plaintiff is the owner of certain real property fronting
the western shore of Lake Placid in the Town of North Elba, Essex
County.  Defendant 3 Princesses and A P Trust Dated February 3,
2004 (hereinafter 3 Princesses) owns a parcel of land lying to
the south of and adjacent to plaintiff's property; south of and
adjacent to that property are additional parcels of land owned by

the remaining named defendants, including a parcel owned by defendant Randall Family Trust. The nearest public road to all of these properties is County Route 31 – also known as Whiteface Inn Road. Travel between this public road and the respective parcels is accomplished via a private roadway known as Blodgett Road, which extends northeasterly from Whiteface Inn Road and runs adjacent to and/or over the boundary lines of defendants' respective parcels and, according to plaintiff, extends onto his land as well.

In March 2006, 3 Princesses' predecessors in title – Harold Krieger and Roberta Russell Krieger – commenced an action against, insofar as is relevant here, John Randall III and Annelie Randall seeking to adjudicate the rights of the Randalls to traverse the portion of Blodgett Road that crossed over what was then the Kriegers' property. The Randalls hired a local attorney, James Brooks, to represent them in that matter, which ultimately was resolved by the execution of a supplemental easement agreement among Annelie Randall, 3 Princesses, defendants HOM Greentop Limited Partnership (hereinafter Greentop), Tamaracks Partners, Harold William Davis III, Sibyl D. Quayle and another unrelated individual. Pursuant to the terms of the supplemental easement agreement, "all of the terms, conditions and covenants contained [there]in shall run with the land and shall forever bind and inure to the benefit of the parties [there]to and their heirs, successors and assigns." Deed transfers within the Randall family thereafter ensued for estate planning purposes, and title to the parcel formerly owned by the Randalls now is held by the Randall Family Trust.

In February 2011, 3 Princesses erected a locked gate across Blodgett Road, thereby denying plaintiff, who allegedly had been traversing such roadway to access his property since 1956, the use thereof. As a result, plaintiff retained Brooks to commence this RPAPL article 15 action against defendants seeking, among other things, a declaration that plaintiff had a prescriptive easement and right-of-way on and over Blodgett Road from his parcel of land to the point where such roadway joins Whiteface Inn Road. Greentop, Tamaracks Partners and the Randall Family Trust answered and raised, as an affirmative defense, the failure to join a necessary party, i.e., Whiteface Holdings LLC, while 3

Princesses, Davis and Quayle filed a pre-answer motion to dismiss the complaint upon the same ground.[1]  Additionally, the Randall Family Trust moved to disqualify Brooks from acting as plaintiff's attorney – citing Brooks' prior representation of John Randall III and Annelie Randall in connection with the easement rights governing the property now held by the trust. Supreme Court, among other things, denied the motion to dismiss the complaint, but ordered that Whiteface Holdings be joined as a necessary party, and granted the motion to disqualify Brooks from representing plaintiff in this action.  Plaintiff now appeals.

We affirm, albeit for reasons other than those expressed by Supreme Court.  Pursuant to Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.9 (a), "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing" (see Kain Dev., LLC v Krause Props., LLC, 130 AD3d 1229, 1231 [2015]).[2]  Accordingly, where, as here, a party is seeking to disqualify its adversary's counsel based upon counsel's purported prior representation of the moving party, such party "must establish (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (Gjoni v Swan Club, Inc., 134 AD3d 896, 897 [2015] [internal quotation marks and citations omitted]; accord Pellegrino v Oppenheimer & Co., Inc., 49 AD3d 94, 98 [2008]; see Falk v Chittenden, 11 NY3d 73, 78 [2008]; Matter of Peters, 124 AD3d 1266, 1267 [2015]).  If "the moving party is able to

----

[1]  Greentop and Tamaracks Partners subsequently joined in the motion to dismiss.

[2]  The Rules of Professional Conduct supersede the former Code of Professional Responsibility, and Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.9 (a) is the counterpart to former Code of Professional Responsibility DR 5-108 (a) (1).

demonstrate each of these factors, an irrebuttable presumption of disqualification follows" (Pellegrino v Oppenheimer & Co., Inc., 49 AD3d at 98; see Falk v Chittenden, 11 NY3d at 78; Jamaica Pub. Serv. Co. v AIU Ins. Co., 92 NY2d 631, 636 [1998]; Tekni-Plex, Inc., v Meyner & Landis, 89 NY2d 123, 132 [1996]; Matter of Peters, 124 AD3d at 1267; Anonymous v Anonymous, 262 AD2d 216, 216 [1999]).

That said, even in instances where the irrebuttable presumption does not attach and, hence, disqualification is not mandatory, disqualification nonetheless may be warranted depending upon the particular facts and circumstances of a given case (see Halberstam v Halberstam, 122 AD3d 679, 679-680 [2014]; Anonymous v Anonymous, 262 AD2d at 216; see also Mineola Auto., Inc. v Millbrook Props., Ltd., 118 AD3d 680, 680-681 [2014]). In this regard, "[i]t is well settled that an attorney must avoid not only the fact, but even the appearance, of representing conflicting interests" (Matter of Strasser, 129 AD3d 457, 458 [2015] [internal quotation marks and citation omitted]; see Rose Ocko Found. v Liebovitz, 155 AD2d 426, 427 [1989]). To that end, "[a]n attorney may not place himself [or herself] in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship" (Roddy v Nederlander Producing Co. of Am., Inc., 96 AD3d 509, 509 [2012] [internal quotation marks and citations omitted]; see Matter of Strasser, 129 AD3d at 458; Flores v Willard J. Price Assoc., LLC, 20 AD3d 343, 344 [2005]). "The disqualification of an attorney is a matter that rests within the sound discretion of the court" (Gjoni v Swan Club, Inc., 134 AD3d at 897 [internal quotation marks and citation omitted]; accord Matter of Town of Oyster Bay v 55 Motor Ave. Co., LLC, 109 AD3d 549, 550 [2013]; Flores v Willard J. Price Assoc., LLC, 20 AD3d at 344; see Cohen v Cohen, 125 AD3d 589, 590 [2015]), and the case law makes clear that "[a]ny doubts as to the existence of a conflict of interest must be resolved in favor of disqualification so as to avoid even the appearance of impropriety" (Gjoni v Swan Club, Inc., 134 AD3d at 897; see Matter of Tartakoff v New York State Educ. Dept., 130 AD3d 1331, 1333 [2015]; Matter of Strasser, 129 AD3d at 458; Mineola Auto., Inc. v Millbrook Props., Ltd., 118 AD3d at 680-681; Roddy v Nederlander Producing Co. of Am., Inc., 96 AD3d at 509).

As to the issue of whether Brooks' disqualification here was mandatory, there is little question that the second and third prongs of mandatory disqualification test – substantially related matters and materially adverse interests – were satisfied. Despite plaintiff's attempt to draw a distinction between the nature of the easement rights asserted by him in this action and the rights held by the Randall Family Trust under the terms of the supplemental easement agreement, we find there to be a readily identifiable nexus between the subject matter of this action and the prior litigation involving Brooks' clients, John Randall III and Annelie Randall (compare Nicola v Barrett, 43 AD3d 583, 585 [2007]; Hunkins v Lake Placid Vacation Corp., 120 AD2d 199, 202 [1986]). The first prong of the test – whether a prior attorney-client relationship existed between Brooks and the Randall Family Trust – presents a much closer question, particularly given Brooks' denial that he ever represented the Randall Family Trust in any capacity and the corresponding lack of documentation and, hence, clarity as to the identity of the trust's fiduciaries or beneficiaries. That said, even assuming – without deciding – that the irrebuttable presumption of disqualification was not triggered and, therefore, Brooks' disqualification was not mandatory, we nonetheless are persuaded that such disqualification was warranted in order to avoid the appearance of impropriety.

In reaching this conclusion, we are not suggesting that Brooks engaged in any improper or unethical conduct in this matter. The fact remains, however, that Brooks' current client (plaintiff) is attempting to obtain prescriptive easement rights over Blodgett Road, and it is readily apparent that the rights asserted by plaintiff in this regard may well implicate, conflict with or impinge upon the easement rights previously acquired by defendants under the supplemental easement agreement – specifically, the easement rights that Brooks secured for his former clients (John Randall III and Annelie Randall) relative to property now held by the Randall Family Trust. Additionally, although Brooks disputes the assertion, John Randall IV averred that "numerous private conversations between the Randall Family" and Brooks occurred relative to the use of Blodgett Road, including conversations that "each of the members of the Randall Family had with [plaintiff] with regard to [plaintiff's] use of

the [road]." Under these circumstances, and "considering the settled principle that doubts as to the existence of a conflict of interest must be resolved in favor of disqualification so as to avoid even the appearance of impropriety" (Mineola Auto., Inc. v Millbrook Props., Ltd., 118 AD3d at 680-681 [internal quotation marks and citation omitted]), Supreme Court's order disqualifying Brooks from representing plaintiff in this matter is affirmed. Plaintiff's remaining contention — that Supreme Court erred in ordering that Whiteface Holdings be joined as a necessary party — has been examined and found to be lacking in merit.

Peters, P.J., McCarthy and Lynch, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court