■ USA Recycling, Inc., Appellant, v Baldwin Endico Realty Associates, Inc., Respondent. [48 NYS3d 134]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about July 15, 2015, which, to the extent appealed from as limited by the briefs, granted defendant's motion to disqualify plaintiff's counsel and to vacate the parties' stipulation of settlement, unanimously affirmed, without costs. Appeal from paper, same court and Justice, dated August 14, 2015, declining to sign an order to show cause, unanimously dismissed, without costs, as taken from a nonappealable paper.

Plaintiff's counsel employed as a paralegal a non-admitted law school graduate who had previously worked for the executor of the estate of defendant's former sole shareholder. These circumstances raise the question whether the paralegal possesses confidential information the disclosure of which could be detrimental to defendant (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.6). Plaintiff argues that defendant failed to identify the confidential information that the paralegal obtained. However, the record demonstrates that, in his former position, the paralegal worked on matters directly related to this litigation, and gained considerable knowledge of defendant's affairs (*see Hernandez v Paoli*, 255 AD2d 130 [1st Dept 1998]), and that plaintiff's counsel did not properly "screen"

him (NY St Bar Assn Comm on Prof Ethics Op 774 [2004]; *see Glover Bottled Gas Corp. v Circle M. Beverage Barn*, 129 AD2d 678 [2d Dept 1987]). The question whether there is a conflict of interest must be resolved in favor of disqualification (*Matter of Strasser*, 129 AD3d 457 [1st Dept 2015]; *Justinian Capital SPC v WestLB AG, N.Y. Branch*, 90 AD3d 585 [1st Dept 2011]).

No appeal lies from a writing declining to sign an order to show cause (*Kalyanaram v New York Inst. of Tech.*, 91 AD3d 532 [1st Dept 2012]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Renwick, J.P., Mazzarelli, Moskowitz, Kapnick and Webber, JJ.