Sanyang v Davis (2021 NY Slip Op 05680)





Sanyang v Davis


2021 NY Slip Op 05680


Decided on October 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 19, 2021

Before: Gische, J.P., Webber, Mazzarelli, Moulton, Pitt, JJ. 


Index No. 28415/19E Appeal No. 14398 Case No. 2020-03291 

[*1]Demba Sanyang et al., Plaintiffs-Appellants,
v
Eddie Leroy Davis Jr., et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellants.
Gallo Vitucci Klar LLP, Woodbury (James F. Desmond of counsel), for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about May 11, 2020, which denied plaintiffs' motion for summary judgment as to liability and granted defendants' cross motion to disqualify plaintiffs' counsel, unanimously affirmed, without costs.
Plaintiffs' affidavits were sufficient to make a prima facie showing of negligence on defendants' part. Each plaintiff averred that the collision occurred when a truck owned and operated by defendants rear-ended the vehicle in which they were traveling (see Morgan v Browner, 138 AD3d 560, 560 [1st Dept 2016]).
In opposition, defendants raised an issue of fact by offering a nonnegligent explanation for the collision through an affidavit from defendant driver, who asserted that the collision occurred when plaintiff driver attempted to make an unsafe lane change into his traveling lane. This affidavit raises factual issues sufficient to defeat summary judgment (see Jeffrey v DeJesus, 116 AD3d 574, 575 [1st Dept 2014]; Vehicle and Traffic Law § 1128). Furthermore, the parties' conflicting versions of the accident, as well as the police report and accident photos submitted in support of the motion and in opposition, present issues of credibility to be resolved by the factfinder (see DeJesus, 116 AD3d at 575).
The motion court providently exercised its discretion in granting defendants' cross motion to disqualify plaintiffs' counsel (see Harris v Sculco, 86 AD3d 481, 481 [1st Dept 2011]; Justinian Capital SPC v WestLB AG, N.Y. Branch, 90 AD3d 585, 585 [1st Dept 2011]). Although plaintiffs' interests in this action are not necessarily in accord, counsel failed to obtain written consent from both plaintiffs prior to his dual representation of them, as is required (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7[b][4]; see Greene v Greene, 47 NY2d 447, 451-452 [1979]; LaRusso v Katz, 30 AD3d 240, 243-244 [1st Dept 2006]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2021