Matter of State of New York v Bobby P. (2022 NY Slip Op 03609)

Matter of State of New York v Bobby P.

2022 NY Slip Op 03609

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.

276 CA 21-01664

[*1]STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
BOBBY P., AN INMATE IN THE CUSTODY OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-APPELLANT. 

ELIZABETH S. FORTINO, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (JOSEPH BETAR OF COUNSEL), FOR RESPONDENT-APPELLANT. 

 Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered November 12, 2021 in a proceeding pursuant to Mental Hygiene Law article 10. The order denied the motion of Mental Hygiene Legal Service to withdraw as counsel for respondent. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and in the exercise of discretion without costs and the motion is granted.
Memorandum: Respondent, a convicted sex offender, appeals from an order denying the motion of Mental Hygiene Legal Service (MHLS) to withdraw as his appointed counsel in this Mental Hygiene Law article 10 proceeding (see generally CPLR 5511; Auerbach v Bennett, 47 NY2d 619, 627-629 [1979]). We reverse. Contrary to Supreme Court's determination, nothing in section 10.06 (c) limits a trial court's well established discretion to substitute or disqualify appointed counsel in appropriate circumstances (see generally Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]). Nor, contrary to the assumption of the court and respondent, is the disposition of MHLS's motion controlled by a mechanistic application of the Rules of Professional Conduct (see Niesig v Team I, 76 NY2d 363, 369-370 [1990]; see generally § 10.06 [c]). Rather, withdrawal or disqualification of counsel "may be warranted based on a mere appearance of impropriety" even in the absence of an actual conflict of interest (Halberstam v Halberstam, 122 AD3d 679, 679-680 [2d Dept 2014]; see McCutchen v 3 Princesses & AP Trust Dated Feb. 3, 2004, 138 AD3d 1223, 1226 [3d Dept 2016]). Under the unique circumstances of this case, we exercise our own discretion to grant MHLS's motion to withdraw "so as to avoid even the appearance of impropriety" on MHLS's part (McCutchen, 138 AD3d at 1227 [internal quotation marks omitted]; see Burton v Burton, 139 AD2d 554, 554 [2d Dept 1988]; see generally Matter of Von Bulow, 63 NY2d 221, 224 [1984]). In light of our determination, we need not decide whether MHLS is actually prohibited by the Rules of Professional Conduct from representing respondent under these circumstances.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court