Faulmino v 450 Partners LLC (2024 NY Slip Op 51295(U))

[*1]

Faulmino v 450 Partners LLC

2024 NY Slip Op 51295(U)

Decided on September 18, 2024

Supreme Court, Bronx County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 18, 2024
Supreme Court, Bronx County

Benjamin Faulmino and MELISSA FAULMINO, Plaintiff(s),

against
450 Partners LLC, TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, CITY HARVEST, INC, DANTE MOORE, and RICKY HU, Defendant(s).

Index No. 22752/2016E

Ashlee Crawford, J.

Order to Show Cause - Exhibits and Affidavits Annexed NYSCEF No(s). 266-269
Opposition - Affidavit and Exhibit NYSCEF No(s). 272-273
Replying Affidavit and Exhibits NYSCEF No(s). XXXX
Upon the foregoing papers, and due deliberation being held, the Court finds as follows:
In this personal injury action arising out of a construction accident on February 11, 2016, plaintiff Benjamin Faulmino asserts a claim alleging various Labor Law violations, and his wife, plaintiff Melissa Faulmino, asserts a claim for loss of consortium. Plaintiffs are represented by the law firm of Sacks and Sacks, LLP. All party and non-party discovery has been completed, except for the deposition of Ms. Faulmino and the exchange of discovery related to her consortium claim.
Plaintiffs' counsel now moves by order to show cause for leave to withdraw from representing Ms. Faulmino. Attorney Daniel Weir states in his affirmation that the plaintiffs are in the process of divorcing, giving rise to an apparent conflict of interest which prevents him and the Sacks firm from continuing to represent both parties. Weir further states that throughout the pendency of this action, he has never spoken to or advised Ms. Faulmino with respect to her consortium claim, and rather has dealt solely with Mr. Faulmino.
Ms. Faulmino opposes the motion. She, too, states that she has had virtually no communication with her attorney during the pendency of this action, and that all communication with counsel has been through Mr. Faulmino. Still, she maintains that eight years into this case, it would be unfair for counsel to "fire" her; difficult for her to retain new counsel; and impossible for her to proceed without representation. Ms. Faulmino asks the Court to deny counsel's application or, alternatively, to require his withdrawal from representation of both plaintiffs.
An attorney may withdraw as counsel of record upon a showing of good and sufficient cause, and reasonable notice to the client (Kaufman v Kaufman, 63 AD3d 618 [1st Dept 2009]; Mason v MTA New York City Transit, 38 AD3d 258 [1st Dept 2007]; George v George, 217 AD2d 913, 914 [1st Dept 1995]; CPLR 321[b][2]). Here, the good cause alleged by plaintiffs' counsel is the apparent or actual conflict of interest arising from his representation of clients whose interests have become adverse. 
"It is well settled that an attorney must avoid not only the fact, but even the appearance, of representing conflicting interests" (In re Strasser, 129 AD3d 457, 458 [1st Dept 2015][internal quotation marks omitted]). "[W]ith rare and conditional exceptions, the lawyer may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship" (id.). "The question whether there is a conflict of interest must be resolved in favor of [withdrawal]" (USA Recycling, Inc. v Baldwin Endico Realty Assocs., Inc., 147 AD3d 697, 698 [1st Dept 2017]). "While the Rules of Professional Conduct generally prohibit a lawyer from simultaneously representing clients with differing interests, an attorney may represent such clients where a disinterested lawyer would believe that the lawyer can competently represent the interest of each client and that each consents to the representation after full disclosure of the implications of simultaneous representation as well as the advantages and risks involved" (Ferolito v Vultaggio, 99 AD3d 19, 27 [1st Dept 2012]; In re Adoption of Gustavo G., 9 AD3d 102, 105 [1st Dept 2004]; Rules of Professional Conduct, rule 1.7[b][22 NYCRR 1200.00]).
Here, counsel has established good and sufficient cause for withdrawing from his dual representation of plaintiffs. The heart of Ms. Faulmino's consortium claim goes to the most intimate details of her marriage to Mr. Faulmino, including their domestic and sexual relations. As such, it is easy to see how plaintiffs' divorce creates an actual or apparent conflict of interest that prevents counsel's continued representation of both clients (cf. Holloman v Manginelli Realty Co., Inc., 81 AD3d 413 [1st Dept 2011]). Moreover, there is no question that Mr. Faulmino has not consented to the continued dual representation (see Rules of Professional Conduct, Rule 1.7[b][4][22 NYCRR 1200.00]).
While Ms. Faulmino urges, in the alternative, that counsel should be disqualified from representing both plaintiffs, she has neither moved for, nor established her entitlement to, such relief, the granting of which would be inequitable under the circumstances. Mr. Faulmino has been communicating with counsel about his Labor Law claim over the course of about eight years, and all discovery concerning that claim is complete. By contrast, Ms. Faulmino has not communicated with counsel about her consortium claim or been deposed, and it seems no discovery has been completed as to that claim. Accordingly, it is hereby
ORDERED that the order to show cause by plaintiffs' counsel for leave to withdraw from representing plaintiff Melissa Faulmino is GRANTED; and it is further
ORDERED that this matter is stayed for 60 days from the date of service of this order [*2]with notice of entry on Melissa Faulmino, to permit her time to retain new counsel; and it is further
ORDERED that outgoing counsel shall serve a copy of this order with notice of entry on Melissa Faulmino by overnight mail or certified mail return receipt requested within seven (7) days of entry; and it is further
ORDERED that all parties shall appear for a conference on December 10, 2024, at 9:30 AM in room 401, and failure to appear on that date could result in stricken pleadings or other appropriate sanctions.
This constitutes the decision and order of the Court.
Dated: 9/18/24
Hon. Ashlee Crawford, A.J.S.C.