Madera v Charles Hukrston Truck, Inc. (2025 NY Slip Op 00788)

Madera v Charles Hukrston Truck, Inc.

2025 NY Slip Op 00788

Decided on February 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025

Before: Singh, J.P., Gonzalez, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 807366/22 Appeal No. 3658 Case No. 2024-02463 

[*1]Franklin Madera, Plaintiff-Respondent,
v
Charles Hukrston Truck, Inc., et al., Defendants-Appellants.

Lester Schwab Katz & Dwyer, LLP, New York (Paul M. Tarr of counsel), for appellants.
Omrani & Taub, P.C., New York (James L. Forde of counsel), for respondent.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered April 9, 2024, which granted plaintiff's motion for summary judgment on the issue of liability and dismissing defendants' affirmative defense of comparative negligence, unanimously reversed, on the law, without costs, and the motion denied.
In this action arising from a vehicle collision, plaintiff established prima facie entitlement to summary judgment as to liability. In his sworn affidavit, he averred that he was slowing down on the expressway due to upcoming traffic congestion when his vehicle was hit in the rear by a tractor trailer truck driven by defendant Scott Martin. "It is well settled that a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle and imposes a duty on the part of the operator of the moving vehicle to come forward with an adequate nonnegligent explanation" for the collision (Cabrera v Rodriguez, 72 AD3d 553, 553 [1st Dept 2010]).
However, defendants raised an issue of fact in opposition by submitting Martin's affidavit stating that plaintiff pulled directly in front of him from the nearby on-ramp, during inclement weather, in a manner that Martin described as "sudden." This statement in Martin's affidavit presented a nonnegligent explanation for the collision, raising an issue of fact as to whether plaintiff was comparatively negligent for swerving in front of Martin or cutting him off (see Jeffrey v DeJesus, 116 AD3d 574, 575 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2025