Roche v Hochfelder (2025 NY Slip Op 06976)

Roche v Hochfelder

2025 NY Slip Op 06976

Decided on December 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 16, 2025

Before: Moulton, J.P., Kennedy, Mendez, Michael, JJ. 

Index No. 650450/23|Appeal No. 5395|Case No. 2025-02579|

[*1]Robert W. Roche etc., et al., Plaintiffs-Respondents,
v
Adam Hochfelder et al., Defendants, Richard Cohn et al., Defendants-Appellants.

Law Offices of Richard L. Cohn, New York (Richard L. Cohn of counsel), for appellants.
Lichtenberg PLLC, New York (Barry E. Lichtenberg of counsel), for respondent.

Order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered on or about April 10, 2025, which granted the motion of plaintiffs-respondents (plaintiffs) to disqualify counsel for defendants-appellants (defendants), unanimously affirmed, without costs.
Plaintiffs and defendants entered into a joint venture to renovate and rebrand a hotel and retail space. Plaintiffs commenced this action against defendants alleging that they fraudulently induced them to invest millions of dollars in the hotel project, and to execute loan-repayment guaranties, on the understanding that defendants were investing their own up-front capital, whereas, in fact, defendants only provided loan monies it had received from a lender, Dominion Cachet 42 LLC. Unbeknownst to plaintiffs, defendants made Dominion a silent partner in the venture. Plaintiffs alleged that their investments in the hotel project were made in reliance upon defendants' misrepresentations and failures to disclose material information that was singularly within their knowledge, such as Dominion's early investment in the hotel project. Plaintiffs also alleged that defendants were unjustly enriched because the hotel project had to be refinanced by another lender upon the repayment of Dominion's loan.
Defendants' argument that plaintiffs should be estopped from moving to disqualify Alonso & Facher, P.C. (A&F) because A&F represented defendants in other legal matters to which plaintiffs did not object is unavailing. The parties and issues involved in this fraud action are distinct from the commercial vendor matters that arose in connection with the hotel's operation.
To the extent defendants argue that plaintiffs' disqualification motion is a belated litigation tactic, the argument is also unavailing. A&F, which was counsel for the venture at all relevant times, was retained by defendants 19 months after the commencement of this action. Within six weeks of the filing of a consent to change attorneys, plaintiffs sent a letter to defendants demanding A&F's recusal, and then filed the motion to disqualify A&F.
Defendants argue that plaintiff entities and individual never retained A&F. However, the formality of a retainer is not required (see Pelligrino v Oppenheimer & Co., Inc., 49 AD3d 94, 99 [1st Dept 2008]; Talansky v Schulman, 2 AD3d 355, 358 [1st Dept 2003]). The record establishes plaintiffs were responsible for the day-to-day operations of the hotel, that they were a large, if not the controlling partner in the venture, that they had discussed legal matters with A&F, that they paid A&F's legal bills after they were served by A&F with a complaint seeking legal fees, and that A&F handled many lawsuits for the venture, including actions by contractors and Dominion's action for repayment of its loan. Such a longstanding course of conduct established an attorney-client relationship between plaintiffs and A&F.
Plaintiffs' evidence established a substantial relationship between A&F's prior representation of the venture and the instant fraud action (see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 132 [1996]). A&F's involvement as a legal representative for the venture in the Dominion lawsuits presents a conflict of interest in the present action.
Plaintiffs and defendants are adverse in their positions as to the Dominion settlement and the facts regarding Dominion's involvement in the venture (see id.). Regardless of whether or not plaintiffs have identified any confidential information that might be disclosed if A&F were to represent defendants in this action, plaintiffs should have "freedom from apprehension," and "certainty that [their] interests will not be prejudiced" as a consequence of A&F's longstanding legal representation of the venture (Cooke v Laidlaw Adams & Peck,126 AD2d 453, 457 [1st Dept 1987] [internal quotation marks omitted]; see also USA Recycling, Inc. v Baldwin Endico Realty Assoc., Inc., 147 AD3d 697 [1st Dept 2017]).
That the lawyer primarily responsible for handling the mechanics lien lawsuits against the venture has since left A&F is of no moment. A&F's principal attorney remains at the firm and was involved in the venture's litigations.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 16, 2025