OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 At issue is the disqualification of plaintiffs law firm, Mendes & Mount, under DR 5-108 (A) (1) and (2) of the Code of Professional Responsibility. Because the trial court and. Appellate Division erred in finding these provisions violated, we reverse the order mandating disqualification.
 

 This appeal arises out of the explosion of plaintiffs boiler on June 3, 1994, resulting in $72 million in alleged damages. Al
 
 *634
 
 though plaintiff claims it had, prior to the loss, been told by its insurance brokers that the property was insured for more than $144 million, plaintiff recovered only $56.5 million from its “all-risk” insurers. By complaint dated July 18, 1996, plaintiff brought suit against its insurers and brokers, among others, for additional recovery.
 

 Having been informed by its brokers that “AIU” was responsible for the boiler insurance, plaintiff named AIU Insurance Co. as a defendant. Defendant, however, promptly notified plaintiff that it was not the proper party, and that La Interamericana Compañía de Seguros Generales (La Interamericana) was the insurer of its boiler. Additionally, plaintiff later learned that American International Underwriters (Underwriters) underwrote that insurance, and that all three entities were part of American International Group, Inc. (AIG).
 

 Thus, on August 13, 1996, plaintiff sought to amend its summons and complaint to add both La Interamericana and Underwriters as defendants, and urged that service of process on AIU should also be deemed service on Underwriters and La Interamericana. In opposition, defendant argued that plaintiff should have known that AIU referred to an underwriting entity and not an insurer, because this was common knowledge in the insurance industry. To counter the assertion, plaintiff submitted the two-page, six-paragraph affidavit of Peter Samaan, dated September 10, 1996, that is the focus of this appeal. Samaan, a Mendes attorney who had been employed by AIG in 1993 and 1994, averred that:
 

 • he had heard of both Underwriters and AIU;
 

 • he did not know either during his employment or at the time of his affidavit that AIU was an underwriter and not an insurer;
 

 • he believed that Underwriters is an insurance company;
 

 • he could state confidently that the entire insurance industry is not familiar with the functions and identity of Underwriters and/or the intricate corporate structure of AIG; and
 

 • “AIG has a most confusing corporate structure as people familiar with the insurance industry will tell you.”
 

 Upon learning that Samaan was associated with Mendes, defendant moved to disqualify the firm as plaintiff’s counsel in the litigation. Defendant supported the motion with affidavits
 
 *635
 
 of two of Samaan’s former AIG supervisors stating that Samaan had access to confidences and secrets of AIG’s member companies, and that there was a “real and substantial” danger that Mendes would use the information in the litigation.
 

 Samaan responded with an affidavit dated November 5,1996, indicating that his employment in 1993 and 1994 was solely with AIG Technical Services, where he worked exclusively in the Canadian lawyers’ professional liability claims area. He stated that he was not involved in litigation or coverage disputes and handled claims made against Canadian lawyers insured by the Law Societies of the different provinces, who were in turn insured by American Home Assurance Company, an AIG company. Samaan added that he had never worked on matters involving defendant, La Interamericana or Underwriters and denied that he had learned any confidences or secrets in his representation of AIG Technical Services or expressed such information in his first affidavit.
 

 On these submissions, Supreme Court granted defendant’s disqualification motion. The court read Samaan’s first affidavit to suggest “that the affiant is in possession of what is either confidential information or information acquired by him in his capacity as AIG’s former attorney,” and the information imparted in the affidavit was not generally known because the affidavit said as much. Concluding that Samaan had used confidences or secrets to his former client’s detriment, the court held disqualification of the firm was required.
 

 On plaintiffs appeal, the Appellate Division affirmed, holding that defendant had
 
 *636
 
 The Appellate Division subsequently certified a question to this Court asking if its order was properly made. Answering that question in the negative, we now reverse.
 

 
 *635
 
 “established the existence of a prior attorney-client relationship with an attorney employed by that firm, which attorney was involved with issues relevant to the present litigation and who possessed confidences and secrets obtained as in-house counsel that are substantially related to issues in the present litigation, in particular the complex corporate structure of the holding company owning interests in respondent and certain other defendants and the interrelationship of such defendants. * * * Since the attorney had already revealed such knowledge in the early stages of the litigation, respondent met its burden of showing the reasonable probability that confidential information would be disclosed.” (244 AD2d 173 [citations omitted].)
 

 
 *636
 
 Discussion
 

 The Code of Professional Responsibility does not in all circumstances bar attorneys from representing parties in litigation against former clients. Rather, DR 5-108 sets out two prohibitions on attorney conduct relating to former clients. First, an attorney may not represent “another person in the same or a substantially related matter in which that person’s interests are materially adverse to the interests of the former client” (Code of Professional Responsibility DR 5-108 [A] [1] [22 NYCRR 1200.27 (a) (1)]). Second, an attorney may not use “any confidences or secrets of the former client except as permitted by DR 4-101 (C) or when the confidence or secret has become generally known” (Code of Professional Responsibility DR 5-108 [A] [2] [22 NYCRR 1200.27 (a) (2)]). The Appellate Division erred in concluding that either section was violated.
 

 A party seeking disqualification of its adversary’s lawyer pursuant to DR 5-108 (A) (1) must prove that there was an attorney-client relationship between the moving party and opposing counsel, that the matters involved in both representations are substantially related, and that the interests of the present client and former client are materially adverse. Only “where the movant satisfies all three inquiries does the irrebuttable presumption of disqualification arise” (Tekni-Plex,
 
 Inc. v Meyner & Landis,
 
 89 NY2d 123, 132,
 
 rearg denied
 
 89 NY2d 917).
 

 Here, the Appellate Division erred in holding that Mendes’ continued representation of plaintiff violated DR 5-108 (A) (1). Even assuming that Samaan’s prior employment by one entity in a large corporate family was tantamount to an attorney-client relationship with other members of that family — a question we leave for another day — defendant failed to show that Samaan’s prior representation was “substantially related” to his current representation. According to Samaan, his representation of AIG entities was limited to Canadian lawyers’ professional liability insurance matters, did not concern litigation or coverage disputes such as in the present case, and never involved defendant, La Interamericana or Underwriters. Defendant’s affidavits not only failed to deny these assertions but also confirmed that Samaan worked for AIG Technical Services in a capacity unrelated to the entities and
 
 *637
 
 litigation involved here. There being no evidence of a substantial relationship between Samaan’s past and current representation, on that ground alone no violation of DR 5-108 (A) (1) was demonstrated.
 

 Alternatively, defendant asserts (and both lower courts found) that Samaan violated DR 5-108 (A) (2)’s bar against disclosure or use of a former client’s confidences and secrets.
 
 *
 
 Again assuming but not deciding there was a prior attorney-client relationship, DR 5-108 (A) (2) was not breached here.
 

 The protections of DR 5-108 (A) (2) underscore that an attorney owes a “continuing duty to a former client — broader in scope than the attorney-client evidentiary privilege — not to reveal confidences learned in the course of the professional relationship”
 
 (Greene v Greene,
 
 47 NY2d 447, 453;
 
 see also, Tekni-Plex, Inc. v Meyner & Landis,
 
 89 NY2d,
 
 supra,
 
 at 130-131). Those protections are “designed to free the former client from any apprehension that matters disclosed to an attorney will subsequently be used against it in related litigation”
 
 (Solow v Grace & Co.,
 
 83 NY2d 303, 309), and thereby foster “the open dialogue between lawyer and client that is deemed essential to effective representation”
 
 (Spectrum Sys. Intl. Corp. v Chemical Bank,
 
 78 NY2d 371, 377). In that spirit, we have held that it is not necessary for a party seeking disqualification to show that “confidential information necessarily will be disclosed in the course of the litigation; rather, a reasonable probability of disclosure should suffice”
 
 (Greene v Greene,
 
 47 NY2d,
 
 supra,
 
 at 453). Defendant has not met that burden.
 

 Defendant argues that Samaan’s first affidavit, which it claims discloses confidential information, alone justifies disqualification. Unlike the confidentiality protections afforded a current client
 
 (see,
 
 Code of Professional Responsibility DR 4-101 [22 NYCRR 1200.19]), however, DR 5-108 (A) (2) recognizes that an attorney may divulge “generally known” information about a former client. Here, we are satisfied that Samaan’s first affidavit comfortably falls within that exception. Plaintiff correctly notes, and defendant does not controvert, that information regarding the interrelationship of AIG and its member companies was readily available in such public materials as
 
 *638
 
 trade periodicals and filings with State and Federal regulators. It was thus “generally known.”
 

 Defendant argues that if the information contained in Samaan’s first affidavit were generally known, there would have been no need to submit the affidavit — annexing one of the publicly available documents would have sufficed. That argument, while logical in the abstract, does not carry the day once the affidavit is reviewed. Whatever may have been plaintiffs objective in submitting the affidavit, the plain fact is that Samaan’s six paragraphs contain only generally known information the disclosure of which is not prohibited by DR 5-108 (A) (2).
 

 Pointing to the affidavits of Samaan’s former supervisors, defendant next urges that there was a reasonable probability of disclosure in that Samaan “had access to confidences and secrets of the member companies of AIG” and that there was a “real and substantial” danger that Mendes would use that information in litigation.
 

 As we have previously recognized, disqualification motions present competing concerns. Balanced against the vital interest in avoiding even the appearance of impropriety is concern for a party’s right to representation by counsel of choice and danger that such motions can become tactical “derailment” weapons for strategic advantage in litigation
 
 (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp,
 
 69 NY2d 437, 443). With these considerations in mind, it is clear that a movant must offer more to justify disqualification. Allowing a party seeking disqualification to meet its burden by generalized assertions of “access to confidences and secrets” would both make it difficult, if not impossible, to test those assertions and encourage the strategic use of such motions. In such instances, courts could not determine whether a former attorney’s alleged information was in fact a “confidence” or “secret” as defined by the Code or whether it was generally known and therefore outside the scope of DR 5-108 (A) (2).
 

 While a movant need not actually spell out the claimed secrets and confidences in order to prevail, it must at a minimum provide the motion court with information sufficient to determine whether there exists a reasonable probability that DR 5-108 (A) (2) would be violated. Here, defendant’s generalized allegations, even placed side-by-side with Samaan’s disclosure of generally known information, are insufficient to justify disqualification.
 

 
 *639
 
 Accordingly, the order of the Appellate Division should be reversed, with costs, defendant AIU Insurance Co.’s motion to disqualify denied, and’ the certified question answered in the negative.
 

 Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order reversed, with costs, defendant AIU Insurance Co.’s motion to disqualify plaintiff’s counsel denied and certified question answered in the negative.
 

 *
 

 “ ‘Confidence’ refers to information protected by the attorney-client privilege under applicable law, and ‘secret’ refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client” (Code of Professional Responsibility DR 4-101 [A] [22 NYCRR 1200.19 (a)]).