■ JAMES CRAWFORD et al., Appellants, v UMBERTO ANTONACCI et al., Respondents. [746 NYS2d 94] —Rose, J.

On November 22, 2000, plaintiff James Crawford (hereinafter plaintiff) suffered a torn rotator cuff to his left shoulder when he tripped and fell on defendants' property. Plaintiff and his wife, derivatively, then commenced this negligence action, and defendant retained the law firm of Hinman, Howard & Kattell (hereinafter HH&K). Following joinder of issue, plaintiffs moved to disqualify HH&K from representing defendants on the ground that that firm had previously represented plaintiff in connection with a workers' compensation claim that arose from a back injury sustained in 1987 and finally resolved in August 1998. Supreme Court denied the motion, resulting in this appeal.

We affirm. According to the disciplinary rules governing attorney conduct, "a lawyer who has represented a client in a matter shall not, without the consent of the former client after full disclosure * * * [t]hereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client" (Code of Professional Responsibility DR 5-108 [a] [1] [22 NYCRR 1200.27 (a) (1)]). Under the above rule: "a party seeking disqualification of its adversary's lawyer must prove: (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters * * * are substantially related, and (3) that the interests of the present client and former client are materially adverse" (*Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131).

Here, it is undisputed that a prior attorney-client relationship existed between plaintiff and HH&K, that the interests of plaintiffs and defendants are materially adverse and that plaintiffs did not consent to HH&K's representation of defendants. Nevertheless, we do not perceive the prior and current matters to be substantially related. The workers' compensation claim arose from an injury sustained by plaintiff 13 years before the wholly unrelated accident giving rise to the present litigation, the earlier injury was to plaintiff's back, not to his shoulder, and there is only a vague assertion that the two matters have the "loss of enjoyment of life" component of

damages in common. We find this argument to be unpersuasive here because plaintiffs do not describe the impact of either injury and merely speculate that communications with HH&K in the earlier matter could be "useful" to defendants in the second matter. In any event, all information regarding plaintiff's prior injury will be available to defendants because regardless of who represents them, they are entitled to disclosure of all medical and other records related to plaintiff's prior workers' compensation claim. In the absence of any showing that the confidences acquired by HH&K would not be reflected in plaintiff's records, there is every reason to expect that routine disclosure will effectively communicate the same information regarding damages learned by HH&K in the course of the workers' compensation case. Given these circumstances, we decline to disturb Supreme Court's order.

Crew III, J.P., Peters and Mugglin, JJ., concur. ·

Lahtinen, J. (dissenting). I respectfully dissent. The "substantially related" element of the conflict of interest analysis is the only element in dispute. The initial articulation of such element is typically traced to *T.C. Theatre Corp. v Warner Bros. Pictures* (113 F Supp 265), where the court stated that "the former client need show no more than that the matters embraced within the pending suit wherein his former attorney appears on behalf of his adversary are substantially related to the matters or cause of action wherein the attorney previously represented him" (*id.* at 268; *see*, Restatement [Third] of Law Governing Lawyers § 132, Comment *d* [*iii*]). Claims of conflict of interest are frequently fact-specific, rarely clear cut and necessarily implicate the weighing of competing interests (*see, S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp.*, 69 NY2d 437). The application of a party seeking disqualification of an adversary's attorney must be closely scrutinized to forestall the abuse of disqualification as a litigation tactic and to protect an individual's right to freely choose counsel (*see, Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131-132). On the other hand, "preserv[ing] the client's expectation of loyalty [and] * * * promot[ing] public confidence in the integrity of the Bar" are lofty concerns (*id.* at 131) and, when the facts present a close call, "[d]oubts as to the existence of an asserted conflict of interest should be resolved in favor of disqualification" (*Westinghouse Elec. Corp. v Gulf Oil Corp.*, 588 F2d 221, 225). A court should conduct "a realistic appraisal of the possibility that confidences had been disclosed in the one matter which will be harmful to the client in the other" and, in order to protect the client's confidences, it is "not appropriate * * * to

inquire into whether actual confidences were disclosed" (*id.* at 224; *see, T.C. Theatre Corp. v Warner Bros. Pictures, supra* at 269).

Here, HH&K represented plaintiff James Crawford (hereinafter plaintiff) from September 1987 until August 1998 in a workers' compensation claim regarding a back injury. In November 2000, plaintiff purportedly sustained a shoulder injury that gave rise to the current lawsuit which HH&K is defending. While the two injuries did not involve the same areas of plaintiff's body, the fact that both matters involved a physical injury suffered by plaintiff implicates potential confidences, such as whether plaintiff presents his injuries sincerely or appears as a malingerer, whether he is cooperative in his treatment and with his counsel, and whether he is able to clearly communicate the effect of injuries upon his life. These issues are among the intangible factors gleaned about a client who has suffered a personal injury and which cannot be discerned from mere medical records. Representing a client for 11 years regarding a physical injury could realistically reveal confidences helpful in the subsequent defense two years later of a case involving a different personal injury. I would thus reverse and grant plaintiffs' motion. Ordered that the order is affirmed, with costs.