■ Yuri J. Gaspar et al., Appellants, v Hollrock Poured Concrete, Inc., Respondent. [776 NYS2d 911]—

Peters, J. Appeal from an order of the Supreme Court (Dawson, J.), entered August 29, 2003 in Essex County, which denied plaintiffs' motion to disqualify defendant's counsel.

In December 2001, plaintiffs retained John T. Wilkins, an attorney, to represent them in their purchase of land in the Town of North Elba, Essex County. Wilkins reviewed the contract and all title work for the closing held in February 2002.[1] Plaintiffs, who did not live locally, asked Wilkins to recommend a reputable builder. Three names were given and plaintiffs hired one of them, Sam Churco, who subcontracted with defendant for the construction of plaintiffs' home. During the summer of 2002, while the construction was proceeding, plaintiffs rented Wilkins' home and, according to plaintiffs, occasionally talked with him regarding the progress and quality of the work being performed; Wilkins characterized the conversations as nothing more than "generic grumbling."

In November 2002, defendant commenced an action against plaintiffs in the North Elba Justice Court alleging nonpayment.[2] At or about the same time, Churco filed a mechanic's lien against plaintiffs also alleging nonpayment. In December 2002, plaintiffs commenced this action, contending that defendant's work failed to conform to the approved plans. When Wilkins filed a notice of appearance in this action on behalf of defendant, plaintiffs filed a motion to disqualify by alleging a conflict of interest and breach of loyalty. Supreme Court denied the motion and plaintiffs appeal.

---

1. Since no mortgage was involved in the land purchase, Wilkins did not review financial statements.

2. Wilkins represented defendant in that action and plaintiffs made a motion to disqualify him. The parties subsequently discontinued that action.

Generally, a party seeking to disqualify an opponent's attorney "must prove: (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (*Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]; *see* Code of Professional Responsibility DR 5-108 [a] [1] [22 NYCRR 1200.27 (a) (1)]; *Crawford v Antonacci*, 297 AD2d 419, 419 [2002]). As it is conceded that there was a prior attorney-client relationship between Wilkins and plaintiffs and that the interests of plaintiffs and defendant are adverse in this matter, we are left to determine whether the issues in both matters are substantially related and whether Wilkins had access to confidential information which would now be relevant (*see Hunkins v Lake Placid Vacation Corp.*, 120 AD2d 199, 201 [1986]; *see also* Code of Professional Responsibility DR 4-101 [b]; DR 5-108 [a] [2] [22 NYCRR 1200.19 (b); 1200.27 (a) (2)]). While plaintiffs are not obligated to reveal those "very confidences sought to be protected" (*Solow v Grace & Co.*, 83 NY2d 303, 309 [1994]), sufficient information must be proffered to support the contention to "a reasonable probability" (*Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d 631, 638 [1998]).

Upon our review of the scope of Wilkins' prior representation of plaintiffs and the issues presented by this action, we fail to find a sufficient nexus. The duties assumed by Wilkins on plaintiffs' behalf did not cause him to gain access to any information that would be relevant to issues stemming from defendant's allegedly negligent construction of a foundation on their home. Although plaintiffs further allege that Wilkins counseled them regarding financing options and other issues relating to the construction of their home after the closing,[3] at no point did they retain Wilkins to represent them in any other matter. Without more, plaintiffs' allegations are insufficient (*see Leonardo v Leonardo*, 297 AD2d 416, 418 [2002]; *Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor*, 236 AD2d 783, 784 [1997]; *Hunkins v Lake Placid Vacation Corp., supra* at 202; *compare R.M. Buck Constr. Corp. v Village of Sherburne*, 292 AD2d 36, 39 [2002]).

Crew III, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

**3.** While plaintiffs assert that Wilkins' representation has not yet ceased, the record does not support this claim.