■ MICHAEL A. NICOLA et al., Respondents, v J. PATRICK BARRETT et al., Appellants, et al., Defendant. [840 NYS2d 677]—

---

Mercure, J.P. Appeal from an order of the Supreme Court (Dawson, J.), entered October 12, 2006 in Essex County, which denied certain defendants' motion to disqualify plaintiffs' counsel.

Plaintiff Michael A. Nicola and defendant J. Patrick Barrett formed defendant 90 Main Street, LLC (hereinafter 90 Main) in 2003 for the purpose of purchasing a building located at 90 Main Street in the Village of Lake Placid, Essex County. Plaintiffs' counsel in the current action, Flink Smith, LLC, represented Nicola and Barrett in the formation of 90 Main and the associated purchase of real property in 2003. Barrett was also represented by his personal counsel, Bond, Schoeneck and King, as well as by William Kissell, his local counsel in Lake Placid.

Due to Barrett's allegedly fraudulent acts and misrepresentations concerning the operation of a nightclub on the second floor of the property, Nicola withdrew from 90 Main in 2005 by executing an agreement prepared by Barrett's counsel. Plaintiffs subsequently commenced this action in April 2006, asserting causes of action sounding in, among other things, fraud, breach of contract and breach of fiduciary duty. Barrett and 90 Main (hereinafter collectively referred to as defendants) answered and moved to disqualify Flink Smith from representation of plaintiffs. Supreme Court denied the motion, concluding that Flink Smith's prior representation was not substantially related to the issues in this action. We agree and therefore, upon defendants' appeal, affirm.

Defendants assert that reversal is warranted because Flink Smith formerly represented them in matters that are substantially related to the subject of this action and the parties' interests are adverse. The Code of Professional Responsibility provides that a lawyer cannot "represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of [a] former client" (Code of Professional Responsibility DR 5-108 [a] [1] [22 NYCRR 1200.27 (a) (1)]). A party seeking disqualification under DR 5-108 (a) (1) must therefore show "(1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (*Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]). Here, it is not disputed that the interests of Barrett and Nicola are materially adverse and that Flink Smith represented both of them during the formation of 90 Main and

purchase of the associated building; thus, the issue before us is whether defendants demonstrated that the issues in the former and current matters are substantially related.

In that regard, when "an examination of the nature of the two disputes and the scope and duties of the representation readily reveals the lack of any nexus between the subject matters or the issues, the movant cannot prevail on this ground" (*Hunkins v Lake Placid Vacation Corp.*, 120 AD2d 199, 202 [1986]; *see Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d 631, 636-637 [1998]). In our view, Supreme Court correctly determined, after a "careful appraisal of the interests involved" (*Tekni-Plex, Inc. v Meyner & Landis, supra* at 132), that defendants failed to demonstrate a substantial relationship between the current and prior representation. Flink Smith, which had a long-standing attorney-client relationship with Nicola, represented Nicola and Barrett only to the extent of establishing 90 Main, acquiring the building, assisting in the termination of the lease of the first-floor tenants and obtaining a liquor license for the restaurant space. Barrett chose to employ other counsel to assist with 90 Main's day-to-day operations, including preparation of the corporation's effective operating agreement, and the demand note and withdrawal agreement that are at the crux of plaintiffs' complaint. While defendants also allege in conclusory fashion that Flink Smith provided legal services regarding the business of 90 Main and its operational processes, and that Barrett disclosed certain confidences to Flink Smith in connection with its representation of him on a wholly unrelated matter, such "generalized assertions" will not justify disqualification (*Jamaica Pub. Serv. Co. v AIU Ins. Co., supra* at 638; *see Waehner v Northwest Bay Partners, Ltd.*, 30 AD3d 799, 800 [2006]; *Gaspar v Hollrock Poured Concrete, Inc.*, 7 AD3d 871, 872 [2004]).

We further reject defendants' claim that testimony from an attorney at Flink Smith will be necessary to dispute a key issue at trial and, thus, disqualification is required under the advocate-witness rule (*see* Code of Professional Responsibility DR 5-102 [a], [b] [22 NYCRR 1200.21 (a), (b)]; *Skiff-Murray v Murray*, 3 AD3d 610, 611 [2004]). The fact that an opposing party intends to call an attorney as a witness is not dispositive; rather, "[d]isqualification may be required only when it is likely that the testimony to be given by the witness is necessary . . .[, a] finding [that] takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 445-446 [1987]; *see*

*MSKCT Trust v Paraneck Enters.*, 296 AD2d 769, 770-771 [2002]; *Burdett Radiology Consultants v Samaritan Hosp.*, 158 AD2d 132, 134-135 [1990]). Inasmuch as defendants have failed to demonstrate that there is any dispute in the underlying action regarding the matters on which Flink Smith represented defendants—or that those matters are even relevant—such that testimony of the members of that firm would be necessary, Supreme Court correctly denied defendants' motion to disqualify on this ground as well (*see Bullard v Coulter*, 246 AD2d 705, 706-707 [1998]; *Burdett Radiology Consultants v Samaritan Hosp., supra* at 134-135).

Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.