■ Minsun Kim, Respondent, v Korean American Association of Greater New York, Inc. et al., Appellants. [18 NYS3d 869]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered July 8, 2015, which, to the extent appealed from, granted petitioner's motion to disqualify certain of respondents' attorneys of record, Hojin Seo and DeRyook & Aju Law Firm, unanimously reversed, on the law, without costs, and the motion to disqualify denied.

Petitioner failed to show that subject counsel's representation of petitioner's personal interests on prior real estate matters was substantially related to the election issues raised in the instant CPLR article 78 proceeding (see Jamaica Pub. Serv. Co. v AIU Ins. Co., 92 NY2d 631, 636 [1998]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9 [a]). Indeed, petitioner concedes there is no relationship between the real estate matters and the election issues. Moreover, petitioner's

allegations offer no basis to conclude that a reasonable probability exists that counsel might use confidences or secrets gained from their former attorney-client relationship in the article 78 proceeding (*id.*). To the extent petitioner sought disqualification on the ground that counsel might be called to testify regarding his Korean-to-English translations of certain documents deemed relevant to the article 78 proceeding, such contention is unavailing. Counsel's testimony was not necessary since a certified translator could be called to testify regarding the proper translation of the documents (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 445-446 [1987]; *Greene v Luckman*, 212 AD2d 479 [1st Dept 1995]). Concur—Tom, J.P., Saxe, Richter and Gische, JJ.