In the Matter of TARA D. YEOMANS, Appellant, v DAVID A. GASKA, Respondent. (And Four Other Related Proceedings.) [58 NYS3d 754]—

Mulvey, J. Appeal from an order of the Family Court of Broome County (Miller II, J.), entered March 9, 2017, which, in five proceedings pursuant to Family Ct Act article 6, granted respondent's motion to disqualify petitioner's counsel.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2011). The mother and the father had previously litigated the child's custody in 2013, at which time attorney Mary Jane Murphy represented the father. In August 2016, the mother filed two pro se petitions to modify the existing custody order and, thereafter, attorney Ronald Benjamin filed an amended petition on behalf of the mother. In December 2016, Murphy, who worked at Benjamin's law firm as a part-time associate (hereinafter the associate), signed a bill of particulars prepared by Benjamin (hereinafter the principal) on behalf of the mother. The father then moved to disqualify both attorneys from representing the mother in the instant matter based on a conflict of interest. In an order bereft of any factual findings, Family Court granted the father's motion, and the mother appeals.

We affirm. "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9 [a]). Here, the father sought to disqualify the associate from representing the mother based upon the fact that she had previously represented him. As the party seeking to disqualify the counsel of his adversary based upon counsel's prior representation of him, the father must establish that (1) there was a prior attorney-client relationship between the father and the associate, (2) the matters in both representations are substantially related, and (3) the interests of the mother and the father are materially adverse (see McCutchen v 3 Princesses & AP Trust Dated Feb. 3, 2004, 138 AD3d 1223, 1225 [2016]).

Initially, it is uncontroverted that the associate formerly represented the father in a custody matter against the mother with respect to the same child. This matter is substantially related to her former representation of the father, since both pertain to custody and visitation of the child. Further, it is also clear that the father's interests in the present matter are materially adverse to those of the mother. Given that the father has satisfied all three criteria, there is an irrebuttable presumption that the associate is disqualified from representing the mother in this matter (*see Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]).

We next address whether, due to the associate's former attorney-client relationship with the father and current employment with the law firm, the principal is also precluded from representing the mother. While the principal has apparently never represented the father, "where an attorney working in a law firm is disqualified from undertaking a subsequent representation opposing a former client, all the attorneys in that firm are likewise precluded from such representation" (*Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d 611, 616 [1999]; *see R.M. Buck Constr. Corp. v Village of Sherburne*, 292 AD2d 36, 38 [2002]). Application of this rule creates a rebuttable presumption that the law firm should be disqualified (*see Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d at 616-617). To that end, "[a] court must examine the circumstances of the particular case and, if it is not clear as a matter of law that disqualification of the entire firm is required, the firm should be given an opportunity to rebut the presumption" (*R.M. Buck Constr. Corp. v Village of Sherburne*, 292 AD2d at 39 [citation omitted]). The presumption may be rebutted by proof that "any information acquired by the disqualified lawyer [i.e., the associate] is unlikely to be significant or material in the [subject] litigation" and by evidence that the law firm screened the associate from receipt and dissemination of information subject to the attorney-client privilege (*Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d at 617).

In opposition to the father's motion, the associate submitted an affirmation attesting that, during the last several years, she has worked as an associate in the law firm at different times. The associate asserted that, once she became aware of the identity of the parties in the present custody matter, she disclosed this conflict to the principal and they agreed that she would have nothing to do with the file. Neither attorney contacted the father or the father's attorney to disclose the

conflict or to seek a written waiver.[1] In December 2016, when the associate signed the mother's bill of particulars drafted by the principal, she worked approximately half time for the firm.[2] While we have no reason to doubt the sincerity expressed in the associate's affirmation—that she did not realize that she was signing a bill of particulars in the present matter—the fact remains that she signed the bill of particulars on behalf of the principal and the mother. By doing so, she certified "that, to the best of [her] knowledge, information and belief, formed after an inquiry reasonable under the circumstances: (1) the presentation of the paper or the contentions therein are not frivolous as defined" (22 NYCRR 130-1.1a [b] [1]).

We are mindful here that "[d]oubts as to the existence of a conflict of interest must be resolved in favor of disqualification" (*Matter of Tartakoff v New York State Educ. Dept.*, 130 AD3d 1331, 1333 [2015] [internal quotation marks and citations omitted]), and that "disqualification avoids any suggestion of impropriety and preserves [the client's] expectation of loyalty" (*R.M. Buck Constr. Corp. v Village of Sherburne*, 292 AD2d at 39 [internal quotation marks and citation omitted]). Under these facts, we are unpersuaded by the principal's assertion that a sufficient firewall exists to separate his work on behalf of the mother from the associate so as to screen her from the receipt of information that is protected by the attorney-client privilege in this small, informal law office environment. As the principal has not rebutted the presumption that all attorneys in his law firm are disqualified from representing the mother, the father's motion was properly granted, and Family Court's order will not be disturbed.

Garry, J.P., Egan Jr., Lynch and Aarons, JJ., concur. Ordered that the order is affirmed, with costs.

---

1. Upon learning of the associate's prior representation of the father in a custody matter involving the same child, the father's attorney wrote to the principal requesting that he and the associate voluntarily withdraw from representing the mother. When there was no response to his request, the motion to disqualify ensued.

2. The associate represented that she also retained her own practice while working half time for the firm.