Graziano v Andzel-Graziano (2019 NY Slip Op 01278)





Graziano v Andzel-Graziano


2019 NY Slip Op 01278


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

526620

[*1]JOHN GRAZIANO JR., Appellant,
v
MICHELLE ANDZEL-GRAZIANO, Respondent.

Calendar Date: January 7, 2019

Before: Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ.


Assaf & Siegal PLLC, Albany (Michael D. Assaf of counsel), for appellant.
Stephen L. Molinsek, Delmar, for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Supreme Court (Ryba, J.), entered May 4, 2018 in Albany County, which denied plaintiff's motion seeking, among other things, to disqualify counsel for defendant.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) married in 1994 and there are two children of the marriage. In March 2015, the husband commenced this divorce action, asserting an irretrievable breakdown of the parties' relationship. Thereafter, in March 2017, the parties entered into a stipulation of settlement, which was placed on the record before Supreme Court, resolving all ancillary issues in the divorce action. The stipulation was thereafter incorporated but not merged into the final judgment of divorce entered in October 2017. Four months later, the husband, by order to show cause, moved for an order directing the entry of a money judgment against the wife in the sum of $4,246.73, disqualification of the wife's newly-retained attorney and counsel fees. The wife opposed the husband's motion and cross-moved for certain additional relief. Supreme Court, among other things, denied the husband's motion to disqualify the wife's counsel. The husband now appeals, and we affirm.
"A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9 [a]). As the party seeking to disqualify the wife's counsel, the husband was required to [*2]establish that (1) a prior attorney-client relationship existed between him and the wife's counsel, (2) the matters in both representations are substantially related, and (3) the interests of the husband and the wife are materially adverse (see Falk v Chittenden, 11 NY3d 73, 78 [2008]; Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131 [1996]; Matter of Yeomans v Gaska, 152 AD3d 1040, 1040 [2017]; McCutchen v 3 Princesses & AP Trust Dated Feb. 3, 2004, 138 AD3d 1223, 1225 [2016]). "In resolving such a motion, a court must balance the vital interest in avoiding even the appearance of impropriety against concern for a party's right to representation by counsel of choice and danger that such motions can become tactical derailment weapons for strategic advantage in litigation" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 1205, 1206 [2017] [internal quotation marks, brackets and citations omitted]). Ultimately, if all three prongs of the test are satisfied, an irrebuttable presumption of disqualification arises (see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d at 132).
Initially, there is no dispute that the first and third prongs of the test have been established. The wife's counsel acknowledges that the husband consulted with him in 2011 concerning his marital situation and the husband indicates that he paid the $350 legal fee associated therewith. There is likewise no dispute that the husband's interests in the present matter are materially adverse to those of the wife. The sole issue to be determined, therefore, is whether the husband met his burden of demonstrating that the issues discussed between him and the wife's counsel in 2011 are substantially related to said counsel's present representation of the wife in the instant dispute. We conclude that they are not.
The relationship between the wife's counsel and the husband consisted of a single legal consultation in October 2011 wherein the husband sought legal advice concerning his marriage. The husband had no other meetings with the wife's counsel and when, four years later, the husband commenced the divorce action, he chose to be represented by other counsel. The wife's counsel, meanwhile, stated that he has no recollection of this legal consultation, he took no notes of the meeting and he did not obtain or review any financial documentation from the husband. Ultimately, the wife, who at the time was represented by different counsel, entered into a stipulation of settlement with the husband in March 2017 and the marital action was finalized in October 2017. It was only in February 2018 that the wife's current counsel was retained to represent her in this postjudgment litigation involving the distribution of the proceeds of a homeowner's insurance check issued in August 2017 to cover the cost of certain water damage sustained to the parties' formal marital residence — a loss that occurred approximately 5½ years after the husband's initial consultation with the wife's counsel.
Although the husband is certainly not required to forgo the attorney-client privilege and reveal confidential information that may have been imparted to the wife's counsel during their October 2011 consultation (see Solow v Grace & Co., 83 NY2d 303, 309 [1994]), he must nevertheless proffer sufficient information demonstrating a "reasonable probability" that the wife's counsel had access to confidential information that may now prejudice him in the instant postjudgment litigation (Jamaica Pub. Serv. Co. v AIU Ins. Co., 92 NY2d 631, 637 [1998]; see Gaspar v Hollrock Poured Concrete, Inc., 7 AD3d 871, 872 [2004])[FN1]. Notably, the husband [*3]concedes that the subject postjudgment litigation regarding the distribution of the subject homeowners' insurance check is not, standing alone, sufficient to establish a substantial relationship between the husband's initial consultation with the wife's counsel and the present litigation, but instead argues that the inclusion of a request for counsel fees in relation to the present motion necessarily brings up for review his financial circumstances and, therefore, creates the requisite substantial relationship. We disagree. Inherently, the wife's counsel, in the one consultation in 2011, could not have gained any knowledge of the sole issue now in dispute, as the water damage and issuance of the resulting insurance settlement check did not occur until 2017. Moreover, we are not persuaded that the wife's request for counsel fees and/or her reference in her affidavit in opposition to the subject motion regarding the husband's possible pretextual motivation for demanding one half of the proceeds of the subject homeowners' insurance check served to create any substantial relationship between the former representation and the present representation. Rather, upon review, given the limited scope of the prior consultation between the wife's counsel and the husband, the nature of the present postjudgment litigation, and balancing the wife's interest in retaining counsel of her choice against the husband's right to be free from prejudice, we discern no abuse of discretion by Supreme Court in denying the husband's motion to disqualify the wife's counsel (see Jamaica Pub. Serv. Co. v AIU Ins. Co., 92 NY2d at 636-638; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d at 1206-1208; Nicola v Barrett, 43 AD3d 583, 584-585 [2007]; Waehner v Northwest Bay Partners, Ltd., 30 AD3d 799, 800 [2006]; Gaspar v Hollrock Poured Concrete, Inc., 7 AD3d at 872).
Lynch, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that order is affirmed, with costs.



Footnotes

Footnote 1: To the extent that the husband avers that there are potentially additional matters that will be litigated between him and the wife in the future that require disqualification of the wife's counsel in the present matter, such a conclusory assertion is speculative and does not mandate disqualification on the matter presently being litigated.