Shoreham Hills, LLC and Clinton Heights I, LLC, Plaintiffs,

against
Sagaponack Dream House, LLC, MP Sagaponack, LLC and DH Sagaponack, LLC, Defendants.


613802-19

WICKHAM, BRESSLER & GEASA P.C.
Attorneys for Plaintiffs
13015 Main Road
PO Box 1424
Mattituck, New York 11952
GOETZ FITZPATRICK LLP
Attorneys for Defendants
One Penn Plaza, Suite 3100
New York, New York 10119


Elizabeth H. Emerson, J.

Upon the following papers read on this motion to dismiss and cross-motion to disqualify counsel ; Notice of Motion and supporting papers 6-23 ; Notice of Cross Motion and supporting papers 33-39 ; Answering Affidavits and supporting papers 27-31 ; Replying Affidavits and supporting papers 33-39; 41 ; it is,
ORDERED that the branch of the motion by the defendants which is for an order dismissing the complaint is granted; and it is further
ORDERED that the motion is otherwise denied; and it is further
ORDERED that the cross motion by the plaintiffs for discovery pursuant to CPLR 3211 (d) and an order disqualifying the defendants' attorney is denied.
In January 2007, the plaintiffs, Shoreham Hills, LLC ("Shoreham"), and Clinton Heights I, LLC ("Clinton"), and the defendants MP Sagaponack, LLC ("MP"), and DH Sagaponack, LLC [*2]("DH"), formed the defendant Sagaponack Dream House, LLC ("SDH") to purchase and develop 30 parcels of land located in Sagaponack, New York. The parties' membership interests were 40% each to MP and DH and 20% collectively to Shoreham and Clinton. On March 9, 2007, Shoreham, Clinton, MP, and DH executed a limited-liability-company operating agreement, which designated MP as the administrative member. The agreement required the administrative member to distribute all available cash to the members no less frequently than once each quarter and within 30 business days following the sale, other disposition, or refinancing of any of the 30 parcels. On April 4, 2008, SDH sold one parcel for $3.55 million and distributed $2 million from the proceeds of the sale to its members. On July 18, 2019, the plaintiffs commenced this action alleging that they never received their 20% distribution from the proceeds of the sale and that they had no knowledge of the distribution until 2018. The complaint contains causes of action to recover damages for fraudulent concealment, breach of fiduciary duty, and breach of contract, and for an accounting. The defendants move to dismiss the complaint, inter alia, as time-barred, and the plaintiffs cross move for discovery and to disqualify the defendants' attorney.
The plaintiffs seeks disqualification of the defendants' attorney, John Simoni, on the ground that he represented Roboco, LLC ("Roboco"), an entity owned by the principal of Shoreham, in an action in this court entitled Roboco, LLC v ABCC Drilling LLC and Roland White (Index No. 607530/2015), in arbitration and mediation in 2018, and in multiple AIA contract preparations and negotiations.
The rule is well established that a party seeking to disqualify an attorney or a law firm on the ground of prior representation must show (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and the former client are materially adverse (see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131, citing Solow v Grace & Co., 83 NY2d 303, 308; see also Talvy v American Red Cross in Greater NY, 205 AD2d 143, 148, affd 87 NY2d 826). The moving party must satisfy all three criteria in order to give rise to a presumption of disqualification of opposing counsel (see Hakimian Mgt. Corp. v Fiore, 16 Misc 3d 1108[A] at *3, citing Tekni-Plex, Inc. v Meyner & Landis, supra at 131).
It is undisputed that John Simoni, who now represents SDH, MP, and DH, has represented Roboco, which is owned by the principal of Shoreham, whose interests are adverse to those of SDH, MP, and DH. Thus, the only issue before the court is whether the plaintiffs have demonstrated that the matters involved in Mr. Simoni's representation of SDH, MP, and DH are substantially related to his representation of Roboco. They have not. The plaintiffs' generalized assertions that a conflict exists are insufficient to justify disqualification (see Jamaica Pub. Serv. Co. v AIU Ins. Co., 92 NY2d 631, 638; Nicola v Barrett, 43 AD3d 583, 585). Moreover, the court's examination of the complaint in Roboco, LLC v ABCC Drilling LLC and Roland White (Index No. 607530/2015) reveals that Robocco, a general contractor, sued a subcontractor for failing to perform its obligations under a subcontract to provide and install a geothermal system on an entirely different parcel of real property than the one that is the subject of this action. The issues in that action are completely unrelated to the issues in this action. Accordingly, the branch of the cross motion which is to disqualify the defendants' counsel is denied.
New York law provides a six-year statute of limitations for breach-of-contract causes of action (CPLR 213 [2]), which accrues at the time of the breach (Ely-Kruishank Co. v Bank of Montreal, 81 NY2d 399, 402). Here, the alleged breach occurred in 2008, more than ten years before this action was commenced. Contrary to the plaintiff's contentions, New York does not apply the "discovery" rule to the statute of limitations in contract actions (ACE Sec. Corp. v DB Structured Prods., Inc., 25 NY3d 581, 594). The statutory period of limitations begins to run from the time when liability for the wrong has arisen, even though the injured party may be ignorant of the existence of the wrong or injury (Id.). Thus, knowledge of the occurrence of the wrong is not necessary to start the statute of limitations running in a contract action (Ely-Kruishank Co. v Bank of Montreal, supra at 403), and mere ignorance and lack of discovery of the wrong is not sufficient to toll the statute of limitations (Shelton v Elite Model Mgt., Inc., 11 Misc 3d 345, 360, citing General Stencils v Chiappa, 18 NY2d 125, 127).
The plaintiffs contend that the doctrine of equitable tolling applies to toll the statute of limitations because the defendants concealed the 2008 distribution from them. The doctrine of equitable tolling applies when a defendant's fraudulent conduct results in a plaintiff's lack of knowledge of a cause of action (De Sole v Knoedler Gallery, LLC, 137 F Supp 3d 387, 422 [SDNY]). To benefit from the equitable tolling doctrine under New York law, a plaintiff must establish that subsequent and specific actions were taken by the defendant, separate from those that provide the factual basis for the underlying cause of action, and that those subsequent actions by the defendant somehow kept the plaintiff from timely bringing suit (Id. [and cases cited therein]). Generalized or conclusory allegations of fraudulent concealment are not sufficient to toll the statute of limitations (De Sole v Knoedler Gallery, LLC, 974 F Supp 2d 274, 319 [SDNY]). Moreover, when the alleged concealment consists of nothing but the defendant's failure to disclose the wrong committed, New York courts have held that the defendant is not estopped from pleading the statute of limitations as a defense (De Sole, 137 F3d at 422, citing Corsello v Verizon New York, Inc., 18 NY3d 777, 789). Equitable tolling is triggered by some conduct on the part of the defendant after the initial wrongdoing. Mere silence or failure to disclose the wrongdoing is insufficient (De Sole, 974 F Supp 2d at 319 [and cases cited therein]).The plaintiffs allege that the defendants knew in 2008 that a distribution had not been made to them, that the defendants failed to correct the problem, and that the defendants failed to communicate to the plaintiffs that they had failed to make the distribution. These allegations amount to nothing more than a failure by the defendants to disclose their wrongdoing. Accordingly, they are insufficient to toll the statute of limitations, and the third cause of action for breach of the limited-liability-company operating agreement is dismissed as time-barred.
The plaintiffs' claim for breach of fiduciary duty is duplicative of the breach-of-contract claim. In addition, it is time barred. When, as here, a plaintiff alleging breach of fiduciary duty seeks only money damages, courts have viewed such actions as alleging injury to property to which the three-year statute of limitations found in CPLR 214 (4) applies (Kaufman v Cohen, 307 AD2d 113, 118). A claim for breach of fiduciary duty accrues, and the statute of limitations begins to run, upon the date of the alleged breach (Ciccone v Hersh, 530 F Supp 2d 574, 579, affd 320 Fed Appx 48 [2nd Cir]), which in this case was 2008. The statute of limitations may be tolled while a relationship of trust and confidence exists between the parties (Id.). In such cases, the statutory period does not begin to run until the fiduciary relationship is openly repudiated or [*3]otherwise ended (Steele v Anderson, US Dist Ct, NDNY, Jan. 8, 2004, Mcavoy, Senior J. [2004 WL 45527], citing Westchester Religious Inst. v Kamerman, 262 AD2d 131).
The only defendant to have a fiduciary relationship with the plaintiffs at the time of the alleged breach was MP (see Limited Liability Company Law § 409 [a]; Out of the Box Promotions, LLC v Koschitzki, 55 AD3d 575, 578). Pursuant to the terms of the limited- liability-company operating agreement, MP was the administrative member of SDH and the member who was authorized to make distributions to the other members. The record reflects that, in 2012, MP assigned its interest in SDH to DH, who thereafter became the administrative member of SDH. Thus, the fiduciary relationship between the plaintiffs and MP ended in 2012, more than three years before this action was commenced in 2019. Accordingly, the second cause of action for breach of fiduciary duty is dismissed.
The plaintiffs' allegations of fraud simply restate their time-barred breach-of-contract claim as one sounding in tort. Under New York law, when an alleged fraud is not separate and distinct from a failure to perform under a contract, the claim is treated as one sounding in contract rather than tort (Fisher v Big Squeeze [NY], Inc., 349 F Supp 2d 483, 489 [EDNY]). The plaintiffs allege that the defendants knowingly and intentionally concealed from them their share of the distribution from the proceeds of the sale in 2008.[FN1]
Such concealment is merely an attempt to conceal the breach of contract and is not actionable as fraud in New York (Id.). Fraud may not be used as a means to litigate stale claims (Kaufman v Cohen, supra at 119). When an allegation of fraud is not essential to the cause of action pleaded except as an answer to an anticipated defense of the statute of limitations, courts look for the reality and the essence of the action and not its mere name (Id.). The plaintiffs' fraud claim does nothing more than add conclusory allegations of scienter to the same allegations as underly their breach-of-contract claim (Certain Underwriters at Lloyd's, London v William M. Mercer, Inc., 7 Misc 3d 1008[A] at * 12). Moreover, the plaintiffs do not allege that they have suffered an injury from the alleged fraud that is different from the injury resulting from the alleged breach of contract (Id.). Thus, the fraud allegation is only incidental to the claim asserted (Kaufman v Cohen, supra), which is a breach of contract. Accordingly, the first cause of action for fraud is dismissed. 
A cause of action for an accounting is governed by the six-year statute of limitations (CPLR 213), which accrues when the duty to pay arises (Matter of Fischer, 308 BR 631, 655 [and cases cited therein]). Here, the duty to pay arose in 2008, when the parcel was sold and the distributions were made. Accordingly, the fourth cause of action for an accounting is dismissed as time-barred.
Finally, the plaintiffs have failed to meet their burden of establishing that facts essential to justify opposition to the motion exist, but cannot be stated, warranting denial of the motion to allow for discovery (CPLR 3211 [d]). The documentary evidence submitted by the defendants reveals that, on May 6, 2008, $400,000 was debited from SDH's account at Bank of America and sent by wire transfer to Shoreham ($200,000) and Clinton ($200,000). If, as the plaintiffs contend, they did not receive those payments, discovery as to who they went to will not revive [*4]the plaintiffs' time-barred claims. Accordingly, the branch of the plaintiffs' cross motion which is for discovery pursuant to CPLR 3211 (d) is denied.
Dated: March 4, 2020
Honorable Elizabeth H. Emerson
J.S.C.



Footnotes

Footnote 1:The plaintiffs contend that their fraud claim is timely because they did not discover that a distribution had been made in 2008 until 2018 and they commenced this action within two years from their discovery of the alleged fraud (see CPLR 213 [8]).