Graziano v Andzel-Graziano (2021 NY Slip Op 04266)





Graziano v Andzel-Graziano


2021 NY Slip Op 04266


Decided on July 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 8, 2021

530519
[*1]John Graziano Jr., Appellant,
v
Michelle Andzel-Graziano, Respondent.

Calendar Date:May 26, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Assaf & Siegal PLLC, Albany (David M. Siegal of counsel), for appellant.
Stephen L. Molinsek, LLC, Delmar (Stephen L. Molinsek of counsel), for respondent.



Egan Jr., J.P.
Appeal from that part of an order of the Supreme Court (Ryba, J.), entered November 8, 2019 in Albany County, which
(1) partially granted defendant's motion to, among other things, direct plaintiff to pay college expenses for the parties' child and (2) denied plaintiff's cross motion to direct that he not be required to pay college expenses for the parties' child, disqualify defendant's counsel and for sanctions and counsel fees.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) married in 1994 and there are two children of the marriage. In March 2015, the husband commenced this divorce action, asserting an irretrievable breakdown of the parties' relationship. In March 2017, the parties entered into a stipulation of settlement, which was placed on the record before Supreme Court, resolving all ancillary issues in the divorce action. The stipulation was incorporated but not merged into the final judgment of divorce entered in October 2017. In July 2019, the wife moved, by order to show cause, for an order directing, among other things, the husband to pay the costs associated with the college education of the younger child (hereinafter the child) in accordance with the parties' final judgment of divorce and stipulation of settlement.[FN1] The husband opposed the motion and cross-moved for an order (1) disqualifying the wife's counsel from representing her on the pending motions, (2) directing that he not be required to pay for the child's college and (3) imposing sanctions, costs and an award of counsel fees. Following oral argument on the motions, Supreme Court partially granted the wife's motion and denied the husband's cross motion in its entirety. The husband appeals, and we affirm.
This is the second time that we have been called upon to determine whether the husband's 2011 consultation with the wife's current counsel would operate to disqualify that counsel from representing her in postjudgment motion practice (Graziano v Andzel-Graziano, 169 AD3d 1195 [2019]), and we once again determine that it did not. As the party seeking disqualification, the husband was required to establish (1) the existence of a prior attorney-client relationship between him and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the husband and the wife are materially adverse (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9 [a]; Falk v Chittenden, 11 NY3d 73, 78 [2008]; Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131 [1996]; Matter of Yeomans v Gaska, 152 AD3d 1040, 1040 [2017]). If all three prongs of the test are satisfied, an irrebuttable presumption of disqualification arises (see Falk v Chittenden, 11 NY3d at 78; McCutchen v 3 Princesses & AP Trust Dated Feb. 3, 2004, 138 AD3d 1223, 1226 [2016]).
As we previously determined, the husband's one-hour, paid legal consultation with the wife's counsel in 2011 established a prior attorney-client [*2]relationship between the husband and the wife's counsel (Graziano v Andzel-Graziano, 169 AD3d at 1196). Additionally, it is evident from the parties' submissions in the instant appeal that the husband's and the wife's interests regarding the husband's obligation to pay for the child's college education are materially adverse. The first two prongs of the test having been established, we must now determine whether the husband met his burden of establishing that the issues that he discussed during his 2011 consultation with the wife's counsel are substantially related to said counsel's representation of the wife in the current dispute (see id.).
In determining whether the matters involved in both representations are substantially related, we look to see if there is a reasonable probability that the wife's counsel had access to information as a result of his prior consultation with the husband that may now prejudice the husband in this postjudgment litigation (see Jamaica Pub. Serv. Co. v AIU Ins. Co., 92 NY2d 631, 637 [1998]; Graziano v Andzel-Graziano, 169 AD3d at 1197).[FN2] Even crediting the husband's generalized assertions that, in 2011, he provided the wife's counsel with certain information regarding his financial circumstances and background information regarding the parties' relationships as they existed in 2011,[FN3] he failed to demonstrate how this information was relevant to the issue before Supreme Court regarding his obligation to pay the child's college expenses under the parties' 2017 settlement agreement. We are unpersuaded that the issues raised by the husband in his brief consultation with the wife's counsel approximately eight years earlier — when the child was only 10 years old — had any reasonable probability of aiding the mother's contentions in the present motion practice. Based upon the limited scope of the husband's prior consultation with the wife's counsel, the narrow question to be decided by Supreme Court and, once again, balancing the wife's interest in retaining counsel of her choice against the husband's right to be free from prejudice, we conclude that matters in both representations are not substantially related and, as such, Supreme Court properly denied that part of the husband's cross motion as sought to disqualify the wife's counsel (see Jamaica Pub. Serv. Co. v AIU Ins. Co., 92 NY2d at 638; NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 156 AD3d 1205, 1208 [2017]; Gaspar v Hollrock Poured Concrete, Inc., 7 AD3d 871, 872 [2004]; McDade v McDade, 240 AD2d 1010, 1011 [1997]).
Next, we reject the husband's contention that Supreme Court erred in directing him to pay for the reasonable costs associated with the child's college education. "A stipulation of settlement that is incorporated but not merged into a judgment of divorce is a contract subject to principles of contract construction and interpretation" (Sanders v Sanders, 143 AD3d 1213, 1213 [2016] [internal quotation marks and citations omitted], lv [*3]dismissed 29 NY3d 931 [2017]). Where the language of a stipulation is unambiguous, we must give the terms thereof their plain and ordinary meaning (see Dagliolo v Dagliolo, 91 AD3d 1260, 1260 [2012]; Smith v Smith, 59 AD3d 905, 906 [2009]). Here, the parties' stipulation of settlement clearly and unequivocally provided that the husband would pay for the child's college expenses, provided that the choice of college was agreeable to both parties and with the caveat that consent was "not to be unreasonably withheld or delayed."
In support of her motion, the mother submitted, among other things, an affidavit detailing the child's exceptional academic, athletic and extracurricular record and college admission test scores, demonstrating his viability as a candidate for top-tier colleges and universities. Although the husband contends that he withheld his consent because he was not adequately consulted during the college selection process, his contention is belied by the record. The husband attended two meetings between the wife, the child and the director of college counseling at the child's high school regarding the college selection process and had access to the child's Naviance account, which was a program used to track the child's academic progress and which specifically listed the colleges and universities that the child was interested in applying to. The husband also engaged in numerous email and text exchanges with both the wife and the child regarding the college selection process and was aware as early as March 2019 that the child had been accepted at his first-choice college. Although the husband generally inquired about financial aid, he ultimately elected not to complete an application for federal student aid that is a prerequisite to potentially obtaining need-based financial aid and, therefore, the child was not eligible to receive same.
Additionally, there is nothing in the language of the parties' stipulation of settlement that required the wife to confer with the husband and keep him apprised of every single college selection activity, nor did the husband provide any objection based on his ability to pay the expenses of the child's choice of college or on the quality of that institution.[FN4] We understand that the parties have a strained relationship which, as is often the case, spilled over into matters involving the children. That said, in our view, the husband's grievances did not relieve him of the obligation that he undertook to pay for the child's education (see Matter of Klein v Klein, 303 AD2d 405, 406 [2003]).
Finally, Supreme Court did not err in denying the husband's cross motion seeking sanctions, costs and counsel fees. Contrary to the husband's contention, the wife's motion was not frivolous, as the parties were in disagreement as to their respective obligations under the stipulation of settlement and it was appropriate for either party to seek judicial intervention to resolve the matter.
Aarons, Pritzker, Reynolds [*4]Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The older child's college education is not at issue on this appeal.

Footnote 2: Importantly, the wife's counsel did not represent her during the underlying divorce action, nor did he have any involvement in the crafting of the March 2017 stipulation of settlement wherein the parties agreed to the subject college payment provisions. The wife's counsel was retained after the divorce had already been finalized to represent her in postjudgment litigation.

Footnote 3: The wife's counsel indicated that he has no recollection of his legal consultation with the husband in 2011.

Footnote 4: Cost and affordability were not factors that the husband relied upon in withholding his consent for the child's college selection given that he did not submit his financial information for consideration of financial aid and encouraged the child to apply to other similarly situated private colleges and universities (compare Balk v Rosoff, 280 AD2d 568, 569 [2001]).